10 F.3d 626
 27 Fed.R.Serv.3d 609
 Fred R. GASKELL, et al., Plaintiffs,
and
Richard A. Canatella, Appellant,
v.
S.L. WEIR; Leo J. Schiavello; Christina C. Schiavello;
Michael D. Meadows; Taylor & Meadows; Kenneth P. Gray,
Esq.; Pamela W. Levin; Susan E. Hayes; Thornton, Taylor,
Downs & Becker, Defendants-Appellees.
 No. 92-16769.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Nov. 22, 1993.
 
 Richard A. Canatella, pro se and Murray B. Petersen, Oakland, CA, for appellant.
 Roger J. Brothers, McNamara, Houston, Dodge, McClure & Ney, Walnut Creek, CA, for defendants-appellees Leo and Christina Schiavello, Michael Meadows, and Taylor & Meadows.
 Jeffrey S. Salisbury, Bowles & Verna, Walnut Creek, CA, for defendant-appellee Kenneth Gray.
 Otto F. Becker and Clarke B. Holland, Thornton, Taylor, Downs, Becker, Tolson & Doherty, San Francisco, CA, for defendants-appellees Pamela Levin, Susan Hayes, and Thornton, Taylor, Downs & Becker.
 James V. Fitzgerald, III, Sellar, Hazard, Snyder, Kelly & Fitzgerald, Walnut Creek, CA, for defendant-appellee S.L. Weir.
 Appeal from the United States District Court for the Northern District of California.
 Before: FERGUSON, THOMPSON and O'SCANNLAIN, Circuit Judges.
 OVERVIEW
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 Attorney Richard A. Canatella appeals the district court's orders imposing Rule 11 sanctions against him for filing a frivolous complaint, and denying his motion for Rule 11 sanctions against the defendants-appellees. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm. We also impose sanctions under Federal Rule of Appellate Procedure 38 in favor of the appellees and against Canatella in the amount of the appellees' reasonable attorney fees incurred in defending against some of the issues raised in this appeal. We remand to the district court for a determination of the amount of these fees.
 
 FACTS AND PROCEEDINGS
 
 2
 Canatella prepared and filed a complaint, and a first amended complaint, in this lawsuit. He asserted that the defendants-appellees conspired to deprive his clients, Fred and Joan Gaskell, of rights protected by the Fourteenth Amendment, in violation of 42 U.S.C. Sec. 1983.
 
 
 3
 The alleged violation resulted from the settlement of a wrongful death action. Janine Hall, the Gaskells' daughter, murdered Nicholas Schiavello, the son of Leo and Christina Schiavello. After Hall was convicted of this crime, the Schiavellos filed a lawsuit in state court against the Gaskells seeking damages for the wrongful death of Nicholas. The Gaskells' insurance company and the Schiavellos settled the wrongful death action. The action was dismissed pursuant to a dismissal, signed by the Schiavellos' counsel and filed with the state court clerk, S.L. Weir, pursuant to California Code of Civil Procedure Sec. 581(b)(1).
 
 
 4
 Canatella did not represent the Gaskells in the wrongful death action. After that case was settled, however, he prepared and filed a state court complaint on behalf of the Gaskells against their insurance company and the lawyers hired to represent them in the wrongful death action. Gaskell v. State Farm Fire & Cas. Co., S.Ct. No. 934655, complaint dated July 23, 1991, County of San Francisco, California. The allegations of this complaint were that the insurance company and the lawyers had conspired to deprive the Gaskells of their rights to liberty and property under the California and United States Constitutions in settling the wrongful death action without their consent. This action was dismissed without prejudice because of a procedural defect.
 
 
 5
 Canatella then filed a second state court action on behalf of the Gaskells. Gaskell v. Levin, S.Ct. No. 939403, complaint dated Feb. 6, 1992, County of San Francisco, California. In this complaint he named only the lawyers hired by the insurance company and various "Doe" defendants. The allegations were that the lawyers had committed malpractice and had violated their ethical duties to the Gaskells in settling the wrongful death action without their consent. This action was eventually dismissed by the state court and sanctions of $750 were imposed against Canatella.
 
 
 6
 When Canatella filed the second state court action, he also filed this section 1983 action in the district court. In the complaint in this case he named as defendants not only the attorneys hired by the Gaskells' insurance company to represent them, but their insurance company as well, along with the Clerk of the Contra Costa Superior Court, the Schiavellos and the attorneys who had represented the Schiavellos. He alleged these defendants had conspired to settle the wrongful death action without the Gaskells' consent, and in doing so had violated the Gaskells' rights under the United States Constitution by depriving them "of liberty and property and substantive rights to trial by jury and access to the courts to assert a malicious prosecution claim" against the Schiavellos, all in violation of 42 U.S.C. Sec. 1983. He alleged the superior court clerk's acceptance and filing of the request for dismissal of the wrongful death action provided the necessary nexus for state action to support the section 1983 claim.
 
 
 7
 The district court granted summary judgment in favor of the defendants, on the ground that the allegations of state action were insufficient to support a section 1983 claim. The court also found the complaint to be frivolous and awarded the defendants attorney fees of $32,204 as sanctions against Canatella under Federal Rule of Civil Procedure 11.[1] The court denied Canatella's motion for Rule 11 sanctions against the defendants. This appeal followed.
 
 ISSUES
 
 8
 We consider four principal issues in this appeal:
 
 
 9
 1. Did the district court err in imposing Rule 11 sanctions against Canatella for filing a frivolous complaint?
 
 
 10
 2. Did the district court err in setting the amount of sanctions at $32,204?
 
 
 11
 3. Did the district court err in denying Canatella's motion for sanctions against the defendants-appellees under Rule 11?
 
 
 12
 4. Should sanctions for a frivolous appeal be imposed against Canatella under Fed.R.Civ.P. 38?
 
 DISCUSSION
 
 13
 1. Rule 11 Sanctions for a Frivolous Complaint
 
 
 14
 We "apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).
 
 
 15
 In imposing sanctions against Canatella for a frivolous complaint, the district court determined that the allegations of state action in support of the section 1983 claim were so baseless that the complaint was frivolous. We agree. "[W]hen private parties make use of state procedures with the overt, significant assistance of state officials, state action may be found." Tulsa Professional Collection Services v. Pope, 485 U.S. 478, 486, 108 S.Ct. 1340, 1345, 99 L.Ed.2d 565 (1988) (emphasis added). In performing the ministerial act of accepting and filing the settlement documents, the court clerk, S.L. Weir, did not provide "significant assistance" to the alleged conspiracy. To hold otherwise would import "state action" into private acts where the state actor plays nothing more than a ministerial role. The complaint was patently frivolous. The district court did not err in imposing Rule 11 sanctions against Canatella for filing it.
 
 2. Amount of the Sanctions
 
 16
 Canatella argues the district court abused its discretion in three ways in setting the amount of the sanctions: by basing the award on attorney fees incurred by the defendants in defending the lawsuit, by failing to consider Canatella's asserted inability to pay, and by including in the sanction award the amount of attorney fees reasonably incurred by the defendants in responding to the district court's order to pursue summary judgment.
 
 
 17
 The district court did not abuse its discretion in basing the sanctions on the attorney fees reasonably incurred by the defendants in defending the lawsuit. In a case like this, where the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions. See Lockary v. Kayfetz, 974 F.2d 1166, 1176-77 (9th Cir.1992) (approving a Rule 11 sanction based on the attorney fees incurred to combat the improper pleading).
 
 
 18
 Canatella also contends the district court abused its discretion in failing to consider his asserted inability to pay the sanctions. The ability of a party to pay is one factor a court should consider when imposing sanctions. In re Yagman, 796 F.2d 1165, 1185 (9th Cir.), amended, 803 F.2d 1085 (9th Cir.1986). Circuits that have addressed this issue have held the sanctioned party has the burden to produce evidence of inability to pay. In re Kunstler, 914 F.2d 505, 524 (4th Cir.1990), cert. denied, 499 U.S. 969, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991); Dodd Ins. Services, Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1160 (10th Cir.1991). Simple logic compels this result: the sanctioned party knows best his or her financial situation. Canatella, as the sanctioned party, had the burden to produce probative evidence of his inability to pay the sanctions. He did not do so.
 
 
 19
 Canatella filed a declaration in which he stated, "My law practice checking usually has only enough funds to pay current obligations. The equitable interest in all real or personal property in my name is held by the family trust." This statement is the closest Canatella came to producing any evidence of his asserted inability to pay. This is not sufficient. Canatella did not carry his burden.
 
 
 20
 Canatella also argues the district court erred in awarding the defendants their reasonable attorney fees incurred in response to the district court's order which directed the parties to file motions for summary judgment. We disagree. Although the defendants initially moved to dismiss the complaint for failure to state a claim, the district court did not abuse its discretion in deciding to hear the matter by summary judgment. See Fed.R.Civ.P. 12(b) (authorizing the district court to treat motions to dismiss as motions for summary judgment when appropriate).
 
 
 21
 3. Denial of Canatella's Motion for Sanctions
 
 
 22
 Canatella moved for Rule 11 sanctions against the defendants claiming their motions for sanctions were unwarranted and for an improper purpose. The defendants' motions for sanctions were amply justified. The district court did not abuse its discretion in denying Canatella's motion for sanctions against them.
 
 4. Sanctions for a Frivolous Appeal
 
 23
 Some of the issues Canatella raises in this appeal are frivolous. His contention that the district court erred in imposing sanctions against him for filing a frivolous complaint and his contention that the district court erred in denying his motion for sanctions against the defendants-appellees are without merit and the results are obvious. See Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984). Exercising our discretion under Federal Rule of Appellate Procedure 38, we award appellees their reasonable attorney fees incurred in defending against these issues in this appeal. See McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981) (attorney fees imposed as sanctions under Fed.R.App.P. 38 where appellant's appeal frivolous as to some defendants, not as to others; sanctions limited to frivolous portions of appeal). We remand this cause to the district court for its determination of the amount of these fees.
 
 
 24
 Canatella's challenge to the amount of the sanction award, however, is not frivolous. Although other circuits have decided the issue, we have not previously determined whether the party asserting inability to pay sanctions has the burden to produce evidence of such inability. Compare Kunstler, 914 F.2d at 524, and Dodd Ins. Services, 935 F.2d at 1160, with Yagman, 796 F.2d at 1185, amended, 803 F.2d 1085. The appeal of this issue, which necessarily includes Canatella's argument that the court erred in setting the sanctions in the amount it did, is not frivolous. We decline to award attorney fees as a sanction under Federal Rule of Appellate Procedure 38 for defending against this issue.
 
 
 25
 The appellees are awarded all of their costs on appeal against Canatella.
 
 
 26
 AFFIRMED and REMANDED.
 
 
 
 [1]
 At the hearing on sanctions in the district court, the Gaskells personally appeared and told the court that they had not authorized Canatella to file the complaint. They disavowed any part in the section 1983 action in federal court