19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Art BROMAN, dba, Art Broman, General Engineering Contractor,
Plaintiff-Appellant,
v.
Bobby D. WILHELM; C. Timothy Lashlee, Esq.; Eugene E.
Kinsey, Esq.; Richard H. Oftedal, Esq.,
Defendants-Appellees.
 No. 92-55865.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 3, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Art Broman appeals pro se the district court's order dismissing this action for lack of federal subject matter jurisdiction. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the existence of subject matter jurisdiction. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). We affirm.
 
 
 3
 * Background
 
 
 4
 In November 1982, a boat owned by Bobby Dale Wilhelm sank as a result of damage allegedly caused by Broman's barge. In 1983, Wilhelm sued Broman in the California Superior Court for the loss of his boat. Wilhelm was represented by Eugene E. Kinsey and C. Timothy Lashlee of Kinsey & Lashlee, Attorneys-at-law. Broman was represented by Richard H. Oftedal, who later withdrew as counsel. In 1988, the action proceeded to a bench trial. The court entered judgment for Wilhelm. Broman filed numerous post-trial motions, which were denied. He then appealed unsuccessfully to the California Court of Appeal, and, subsequently, to the California Supreme Court.
 
 
 5
 Broman then filed this action in federal court against Wilhelm, Kinsey, Lashlee, and Oftedal. Broman alleged that defendants violated his constitutional rights in the state court action. Broman also alleged claims for attorney malpractice and malicious prosecution. Broman sought injunctive relief and damages. The district court dismissed Broman's action for lack of subject matter jurisdiction and awarded defendant Wilhelm $3000 in sanctions.
 
 II
 Merits
 A. Federal Court Jurisdiction
 
 6
 Broman contends that the district court had jurisdiction over this action pursuant to 28 U.S.C. Secs. 1331 and 1343. Under 28 U.S.C. Sec. 1343, district courts have jurisdiction over civil rights actions where defendants act under color of state law. Gerritsen v. De la Madrid Hurtado, 819 F.2d 1511, 1518-19 (9th Cir.1987). Here, the defendants are private parties and private attorneys serving in their traditional role as legal counsel. These defendants were not acting under the color of state law. See Polk County v. Dodson, 454 U.S. 312, 319 n. 9, 325 (1981). Thus, the district court lacked jurisdiction under 28 U.S.C. Sec. 1343.
 
 
 7
 Moreover, in his complaint Broman challenged numerous rulings of the state trial court. As a remedy, in addition to monetary damages, Broman requested that the district court vacate the state court judgment. District courts lack jurisdiction to review determinations of state court proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) (lower federal courts possess no power to sit in direct review of state court decisions). Thus, the district court correctly dismissed Broman's action for lack of federal subject matter jurisdiction.[1]
 
 B. Rule 11 Sanctions
 
 8
 The district court imposed $3000 in sanctions against Broman in favor of Wilhelm because Broman commenced proceedings against Wilhelm after the district court dismissed Broman's action against Kinsey and Lashlee for lack of subject matter jurisdiction. We review the imposition of Rule 11 sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 400-01 (1990). Rule 11 sanctions are proper if the pleading is frivolous. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). A pleading is frivolous if it is both baseless and made without a reasonable and competent inquiry. Id. The district court found that "Mr. Broman personally heard why his lawsuit was meritless [when the court dismissed defendants Kinsey and Lashlee]. He nevertheless went out and served [Wilhelm], causing the expenses of this proceeding. In short, not only was the lawsuit without merit, Mr. Broman knew precisely why it was meritless." Because Broman knew that the district court lacked subject matter jurisdiction over his claims against Wilhelm, the district court did not abuse its discretion by imposing Rule 11 sanctions. See Gaskell v. Weir, 10 F.3d 626, 628 (9th Cir.1993).[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Broman's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Broman also contends that the district court erred by failing to enter default judgment against the defendants, by denying Broman a trial by jury, by failing to recuse himself, and by dismissing Broman's state law claims. We have considered these claims and reject them
 
 
 [2]
 Appellees Lashlee, Kinsey, and Wilhelm request for sanctions is denied. Costs are awarded to appellees. See Fed.R.App.P. 39; 9th Cir.R. 39-1