73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SONIC CABLE TELEVISION OF SAN LUIS OBISPO, Plaintiff,
and
Richard D. Harmon, Esq., Appellant,
v.
CREEKSIDE MOBILEHOME COMMUNITY; Edwin J. Evans; EPM
Associates, et al., Defendants-Appellees.
 No. 94-55605.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1995.
Decided Dec. 27, 1995.
 
 Before: ALDISERT**, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Attorney Richard D. Harmon appeals the district court's award of almost $40,000 in Rule 11 sanctions to Creekside Mobilehome Community and against him for bringing three factually baseless, legally groundless, and insufficiently investigated claims against Creekside on behalf of his client, Sonic Cable Television. We have jurisdiction over this appeal, Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 556 (9th Cir.1986), cert. denied, 484 U.S. 822 (1987), and we affirm.
 
 
 3
 * Harmon first maintains that the district court abused its discretion by concluding that three of the eight claims presented in the amended complaint violated Rule 11 on the ground that they "were factually baseless and insufficiently investigated." The essence of Harmon's argument is that the district court just didn't comprehend the true nature of these claims, and if it had it would have concluded that Harmon not only conducted a thorough pre-filing investigation into the merit of each claim, but also that each claim was solidly grounded in the relevant facts and applicable law. We reject these arguments.
 
 
 4
 As to Claim Two, even if we assume that this claim started out as a claim for breach of only the service component of the 1971 agreement, Harmon sought to maintain the claim, in opposition to Creekside's motion for summary judgment, by arguing that the agreement created an express easement. We therefore conclude that the district court did not abuse its discretion by finding that Harmon indeed made the express easement argument in support of Claim Two and that to do so warranted sanctions.
 
 
 5
 As to Claim Four, the district court did not abuse its discretion by sanctioning Harmon for contending that the 1971 agreement created an "express easement," given that the agreement plainly lacked the conveyance language necessary to create such an easement. See Cortese v. United States, 782 F.2d 845, 850 (9th Cir.1986). Nor did the court abuse its discretion by sanctioning Harmon for basing Claim Four on an "implied easement" theory, given that Harmon attempted to withstand summary judgment on his "easement by estoppel" theory by relying almost entirely on George v. Goshgarian, 139 Cal.App. 3d 856, 189 Cal.Rptr. 94 (1983), an inapplicable implied easement case. Finally, we reject Harmon's argument that, even if the express easement and easement by estoppel theories were frivolous, the district court still abused its discretion by sanctioning him on Claim Four because the claim was supported by a non-frivolous "irrevocable license" theory. As the district court observed, Sonic didn't argue that an irrevocable license was created, and even if it had, it would have been wrong. Rather, Sonic argued that "[t]he 1971 Agreement is not a license because it is not terminable at will."
 
 
 6
 As to Claim Eight, the record provides ample support for the district court's conclusion that Harmon lacked a belief formed after reasonable inquiry that Creekside's actions violated Sec. 1983. First, contrary to clear legal authority, see, e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350-51 (1974); Mathis v. Pacific Gas & Electric Co., 891 F.2d 1429, 1431 (9th Cir.1989), the amended complaint alleged that Creekside's actions constituted "state action" merely because Creekside operated its equipment pursuant to various government licenses. Second, in opposition to Creekside's summary judgment motion, Harmon relied on inapposite caselaw to argue frivolously that "state action" was present because Creekside was a "quasi-municipality."
 
 
 7
 We also reject Harmon's contention that the district court denied him due process. Unlike the lone case on which he relies, Tom Growney Equip, Inc. v. Shelly Irrigation Dev, 834 F.2d 833 (9th Cir.1987), where "[n]o notice was given of the court's intention to impose sanctions and no opportunity was offered to explain the allegedly improper filings," id. at 836, here Creekside filed a motion for sanctions under Rule 11, Harmon responded in writing, the court informed him that it seriously was considering assessing sanctions against him because all but Sonic's first claim were "lacking in merit and substance," and Harmon then filed yet another lengthy written response in which he argued why sanctions were not appropriate. This plainly is more "due process" than is required to support a sanctions award. See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994) (rejecting claim that "sanctions were awarded in violation of some vague due process rights [where] [t]he court gave [the attorney] a full opportunity to explain why sanctions should not be awarded"), cert. denied, 115 S.Ct. 1400 (1995).
 
 II
 
 8
 Harmon next maintains, as to Claims Two and Four only, that the district court abused its discretion by holding him to a higher standard of care merely because he is an expert in the area of easements. We reject this argument.
 
 
 9
 First, it is not clear that the court in fact held Harmon to a higher standard of care because of his expertise, or if it did, that the court didn't also find that Harmon's conduct warranted sanctions even under the standard applied to a nonexpert. Indeed, some of the language in the court's Order--for example, "this argument was frivolous, legally unreasonable, and without a factual basis,"--provides support for this position. But even assuming the court did hold Harmon to a higher standard, doing so wasn't an abuse of discretion. See Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern California, 790 F.2d 1421, 1426 (9th Cir.1986) (noting that the sanctioned attorneys were experienced labor lawyers, and as such, must have known that they couldn't do what they did).
 
 III
 
 10
 Harmon next maintains that the district court abused its discretion in three ways in setting the amount of sanctions: by awarding a "lump-sum" amount of sanctions without inquiring into the reasonableness of the fees claimed by Creekside, by including in the sanctions award the amount of attorney fees incurred by Creekside in preparing the motion for sanctions, and by awarding an amount of sanctions so high that it financially imperils Harmon. We reject these arguments.
 
 
 11
 A lump sum award doesn't constitute an abuse of discretion when, as here, the court bases that award on a review of the itemized attorney billing materials. Lockary v. Kayfetz, 974 F.2d 1166 (9th Cir.1992), cert. denied, 113 S.Ct. 2397 (1993). And, moreover, "where the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." Gaskell v. Weir, 10 F.3d 626, 629 (9th Cir.1993). Here, as in Gaskell, because the district court concluded that Harmon's sanctionable conduct began with the filing of the complaint, it did not abuse its discretion by awarding an amount of sanctions which it believed approximated the attorney's fees incurred by Creekside in defending against the three sanctionable claims.[1]
 
 
 12
 We also decline to reduce the sanctions award on the ground that it is too high. While "[t]he ability of a party to pay is one factor a court should consider when imposing sanctions ... the sanctioned party has the burden to produce evidence of inability to pay." Gaskell, 10 F.3d at 629. Although Harmon presented some evidence to the district court that his resources were limited, it was not nearly enough for us to conclude that the court abused its discretion by not reducing the sanctions.
 
 
 13
 We decline to award Creekside its attorney's fees on this appeal because we do not agree that Harmon's appeal is frivolous.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we cannot say that the district court did in fact include in the sanctions award the attorney's fees Creekside incurred in bringing the Rule 11 motion, we also reject Harmon's contention that the award be reduced on that ground