74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard CANATELLA, Plaintiff-Appellant,
v.
CITY & COUNTY OF SAN FRANCISCO; Contra Costa County;
Pamela Wilson Levin; Murphy, Pearson, Bradley &
Feeney; et al., Defendants-Appellees.
 No. 94-16571.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided Jan. 16, 1996.
 
 Before: LAY,** GOODWIN and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Attorney Richard Canatella appeals the district court's dismissal of his claim brought under 42 U.S.C. Sec. 1983 and denial of leave to file a second amended complaint. The central allegation in his complaint is that various defendants violated his due process right to fair trials on the issue of sanctions by defaming him in an August 1992 newspaper article appearing in The Recorder, entitled Firing at Every Target in Sight, which he alleges was circulated to state and federal judges before whom the sanctions motions were pending. Canatella claims the article portrayed him as a vexatious litigant and allegedly resulted in his suffering approximately $70,000 in sanctions.
 
 
 3
 Canatella did not allege that the sanctions awards against him have been either withdrawn or reversed. To the contrary, the awards formed a substantial portion of his prayer for damages. As judgment in his favor on his claims of unfair sanctions would necessarily imply the invalidity of the sanctions awards, see Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), the district court concluded that his section 1983 claims are not cognizable. Canatella v. City & County of San Francisco, 1994 WL 456873 (N.D.Cal. Aug. 12, 1994).
 
 
 4
 We review the district court's decision dismissing Canatella's claim de novo, Church of Scientology v. Flynn, 744 F.2d 694, 695-96 (9th Cir.1984), and its decision to deny leave to amend under the abuse of discretion standard. Ward v. City of San Jose, 967 F.2d 280, 287 (9th Cir.1992). The facts out of which this dispute originally arises are set forth fully in this court's published opinion in Gaskell v. Weir, 10 F.3d 626 (9th Cir.1993). Several days after arguments were heard in Gaskell, Canatella filed this suit. Canatella has initiated numerous challenges to the Rule 11 sanctions issued by the district court in Gaskell, but the sanctions have all been upheld, the appeals therefrom found frivolous, and additional sanctions awarded under Fed.R.App.P. 38. Indeed, this court considered suspending or barring him from further practice before this court pursuant to Fed.R.App.P. 46, and stated that his conduct in these cases has been vexatious in the extreme. Canatella v. Gaskell, 50 F.3d 14 (9th Cir.1995) (table case).[1] The sanctions awards against Canatella have not been either withdrawn or reversed; on the contrary, they have been upheld on appeal. Thus, we affirm the district court's decision holding Canatella's claim not cognizable under 42 U.S.C. Sec. 1983. See Heck, 114 S.Ct. at 2372.
 
 
 5
 The district court may deny a motion for leave to amend based on undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party or futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir.1989). In this case, the facts which Canatella contends support his 42 U.S.C. Sec. 1985(2) claim were known to him at the time he instituted this suit and have remained unchanged since he filed his original complaint. He nevertheless failed to raise this issue in his original or first amended complaint. More importantly, Canatella failed to proffer any reason for failing to include the new cause of action in his original complaint. See Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir.1982) (motion for leave to amend denied for party's failure to offer reason for omitting cause of action in original complaint), vacated and remanded on other grounds, 459 U.S. 810 (1982). Under the circumstances, we cannot say that the district court abused its discretion in denying Canatella's motion for leave to amend.
 
 
 6
 This appeal is frivolous, and appellees are awarded their costs, but denied attorneys' fees, pursuant to Fed.R.App.P. 38. The judgment is AFFIRMED, and the case is REMANDED to the district court for its determination of the costs to be awarded to the appellees.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is an unpublished decision in a related case, and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3