87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward GILLIAM, Plaintiff,
and
Michael Weiss, Appellant,
v.
MORENO VALLEY UNION HIGH SCHOOL DISTRICT; Moreno Valley
Unified School District Board of Education
Members, et al., Defendants-Appellees.
 No. 94-56382.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided June 20, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Weiss appeals from the district court's order imposing sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. The district court had jurisdiction over the underlying action pursuant to 28 U.S.C. § 1343. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm. Pursuant to Federal Rule of Appellate Procedure 38, we also impose double costs on Weiss for filing this frivolous appeal.
 
 
 2
 We review an order imposing Rule 11 sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). We review all aspects of sanctions imposed pursuant to 28 U.S.C. § 1927 for an abuse of discretion. In re Keegan Management Co., Nos. 94-15713 and 94-16135, slip op. 1949, 1958 (9th Cir. Mar. 1, 1996) (Keegan ).
 
 
 3
 Moreno Valley Union High School District (Moreno) complied with Rule 11's procedural requirements and Weiss had the benefit of Rule 11's safe harbor. Moreno served the motion for sanctions on May 25, 1994, and waited at least 21 days before filing it on June 20, 1994. In any event, Weiss had no intention of seeking refuge in the safe harbor, as he filed his opposition to the motion for sanctions on June 10, 1994, before Moreno even filed its motion.
 
 
 4
 Weiss unpersuasively argues that he objectively and subjectively believed that Moreno had never authorized Liebman, Reiner, Nachison & Walsh (Liebman) to represent it. The district court's finding of bad faith stems from Weiss's decision to apply for default without informing the court that he had been in close contact with Liebman. The district court specifically found that Weiss acted in both subjective and objective bad faith in filing his frivolous application, and these findings were not clearly erroneous. The district court's imposition of sanctions under Rule 11 and section 1927 was therefore not an abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc); Keegan, slip op. at 1959.
 
 
 5
 Weiss was not denied due process and his First Amendment rights were not violated. Weiss's assertion of judicial bias is frivolous. See United States v. Studley, 783 F.2d 934, 999 (9th Cir.1986).
 
 
 6
 The district court also did not abuse its discretion in determining the amount of the sanctions. Weiss's assertion that attorneys are not awarded travel time is meritless. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1547 (9th Cir.1988) (within district court's discretion to award travel expenses). In addition, Weiss's insistence that his financial status renders the award unconscionable is rejected. It was Weiss's burden to produce probative evidence of his inability to pay and he failed to do so. See Gaskell v. Weir, 10 F.3d 626, 629 (9th Cir.1993).
 
 
 7
 Pursuant to Federal Rule of Appellate Procedure 38, we award Moreno double costs for having to respond to Weiss's frivolous appeal.
 
 
 8
 AFFIRMED.
 
 
 9
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.