**ENERCON GMBH, Plaintiff–Appellant,**

v.

**William J. ERDMAN; Bruce Carrier; Robert M. Zavadil; James J. Eisen; Electrotek Concepts, Inc.; Kenetech Corporation, Defendants–Appellees.**

No. 00–15399.

D.C. No. CV–96–20923–RMW/EAI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided July 11, 2001.

Before SCHROEDER, Chief Judge,
LAY* and THOMPSON, Circuit Judges.

### MEMORANDUM **

Enercon GmbH and its counsel, Mary Helen Sears, appeal the district court's imposition of $25,000 in sanctions against them, jointly and severally, under Fed. R.Civ.P. 11. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's order for abuse of discretion, *see Sprewell v. Golden State Warriors*, 231 F.3d 520, 530 (9th Cir.2000), we affirm the imposition of sanctions, but vacate the award of $25,000 against Ms. Sears, and remand to the district court for it to consider the materials Sears wishes to present regarding her ability to pay the amount ordered.

■ Enercon and Sears contend the defendants violated Fed.R.Civ.P. 11(c)(1)(A) by failing to wait at least 21 days after serving their amended motion for sanctions before filing the motion with the district court. We disagree. Although the defendants simultaneously served and filed their amended motion for sanctions, the defendants properly served their original motion for sanctions at least 21 days prior to filing, and Enercon had ample opportunity to withdraw its amended complaint. *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998) ("The purpose of the safe harbor ... is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*.") (emphasis in original).

Enercon's reliance on *Barber* is misplaced because, unlike *Barber*, the defendants here did not delay serving the original motion until the conclusion of the case.

■ Enercon and Sears next contend the district court erred in determining that the amended complaint was frivolous and filed for an improper purpose. This contention lacks merit. The district court properly determined that: (1) the antitrust claim was frivolous because the defendants were entitled to immunity under the *Noerr–Pennington* doctrine; (2) the malicious prosecution claim was frivolous because the prior proceedings had not been terminated in Enercon's favor; and (3) patent misuse is an affirmative defense to a suit for patent infringement, not an independent cause of action. *See Professional Real Estate Investors, Inc. v. Columbia*

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*Pictures Indus., Inc.,* 508 U.S. 49, 56, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993); *Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 886 (9th Cir.2000); *Kottle v. Northwest Kidney Ctrs.,* 146 F.3d 1056, 1060 (9th Cir.1998); *Windsurfing Int'l, Inc. v. AMF, Inc.,* 782 F.2d 995, 1001 (Fed.Cir.1986).

The district court reasonably inferred that Enercon's amended complaint was filed for an improper purpose because it was baseless and prepared by an experienced attorney. *See Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1365 (9th Cir.1990) (en banc) ("A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose.").

■ Sears finally contends the district court should have permitted her to make a showing of her inability to pay the amount of the sanctions ordered. We agree.

"The ability of a party to pay is one factor a court should consider when imposing sanctions." *Gaskell v. Weir,* 10 F.3d 626, 629 (9th Cir.1993) (citing *In re Yagman,* 796 F.2d 1165, 1185 (9th Cir.), *amended,* 803 F.2d 1085 (9th Cir.1986)). In response to the district court's direction to file submissions on defendants' reasonable fees and costs, Sears requested the court's permission to submit information regarding her ability to pay and stated in a declaration that her "financial condition can best be described as extremely insecure and precarious." The district court should have permitted Sears to make a showing of her professed inability to pay the amount of the sanctions ordered. *See Gaskell,* 10 F.3d at 629 ("[T]he sanctioned party has the burden to produce evidence of inability to pay.").

Accordingly, we vacate the award of $25,000 against Mary Helen Sears, and

remand for consideration of the financial information she may present at a hearing, which in the discretion of the district court may be conducted in camera.

AFFIRMED in part, VACATED in part, and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3