**William GALLAGHER, Plaintiff-counter-defendant—Appellee,**

v.

**Everett Ray MULLENS, Defendant-counter-claimant, Appellant.**

No. 01–56208.
D.C. No. CV–96–00143–AHS.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2002 *.

Decided June 17, 2002.

Before FERNANDEZ, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Everett Ray Mullens appeals the district court's judgment against him, which was the ultimate result of his failure to pay sanctions imposed by that court. We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

(1) We have jurisdiction over this appeal, even though our prior remand[1] was on a limited issue, and the district court did not enter a new judgment after it made findings and answered the question raised by that remand. *See Sutton v. Earles,* 26 F.3d 903, 906 n. 1 (9th Cir. 1994); *see also Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.,* 117 F.3d 432, 433 (9th Cir.1997); *Montes v. United States,* 37 F.3d 1347, 1350 (9th Cir.1994).

(2) The district court properly placed the burden on Mullens to persuade it that he was not able to pay the monetary sanctions that had been awarded against him. *See Gaskell v. Weir,* 10 F.3d 626, 629 (9th Cir.1993) (sanctioned party "knows best" his situation and has the burden "to produce probative evidence of his inability to pay the sanctions"); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 988 (Fed.Cir.2000); *White v. Gen. Motors Corp., Inc.,* 908 F.2d 675, 685 (10th Cir.1990); *cf. NLRB v. Trans Ocean Export Packing, Inc.* 473 F.2d 612, 616 (9th Cir.1973) (person failing to comply with court order must demonstrate inability to comply " 'categorically and in detail' " in order to avoid contempt finding (citation omitted)). Mullens asserts that we should allocate the burden differently because *Gaskell* involved Federal Rule of Civil Procedure 11 and this case involves Central District of California Local Rule 27. However, both rules deal with sanctions against offending parties. *See Willy v. Coastal Corp.,* 503 U.S. 131, 139, 112 S.Ct. 1076, 1081, 117 L.Ed.2d 280 (1992); *Zambrano v. City of Tustin,* 885 F.2d 1473, 1481 (9th Cir.1989). We see no justification for allo-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Gallagher v. Mullens,* No. 98–55278, 1999 WL 1044334, at *1 (9th Cir. Nov. 17, 1999) (unpublished disposition).

cating the burden of persuasion differently.

Having correctly placed the burden on Mullens, the district court did not clearly err when it determined that Mullens had not carried that burden.[2] *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648, 649 (9th Cir.1997).

AFFIRMED.

**2.** We reject Mullens' argument that simply because Gallagher did not comply with Central District of California Local Rule 7.16, the district court lacked the power to reconsider its prior order. That rule does affect a party's right to seek reconsideration. *See Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1106 n. 8 (9th Cir.1999). It does not

affect the district court's own inherent power to reconsider. *See City of Los Angeles, Harbor Div. v. Santa Monica BayKeeper,* 254 F.3d 882, 885 (9th Cir.2001).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.