SEATTLE FISHING SERVICES LLC, a Washington limited liability company, Plaintiff–Appellant,

v.

BERGEN INDUSTRIES AND FISHING COMPANY, a foreign corporation, Defendant,

and

Keesal Young and Logan, a Washington corporation; Lavinia Corporation, a foreign corporation; Washington Mutual Inc.; Washington Mutual Bank; Washington Mutual Bank, Defendants–Appellees.

No. 05–35630.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed June 18, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

Dennis Michael Moran, Esq., Moran Windes & Wong, Seattle, WA, for Plaintiff–Appellant.

Robert J. Bocko, Esq., Philip Raoul Lempriere, Esq., Catharine M. Morisset, Esq., Keesal Young & Logan, Michael A. Barcott, Esq., Holmes Weddle & Barcott, Tait Owen Norton, Esq., Washington Mutual Legal Services, Seattle, WA, for Defendants–Appellees.

Before FISHER and TALLMAN, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

Appellant Seattle Fishing Services LLC ("SFS") appeals the district court's order granting defendants' motion to dismiss and remanding to state court. The parties know the facts and procedural history, and

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

we do not repeat them here. We have jurisdiction and affirm.

■ We review de novo the district court's dismissal for failure to state a claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). To state a claim under § 1983, a plaintiff must establish that (1) the defendant acted under color of state law; and (2) the defendant's conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Dismissal is proper because the Complaint fails to show that defendants acted under color of state law.

■ SFS's complaint is devoid of any facts demonstrating the State's role, or the defendants' involvement with the court clerks who issued the writs of garnishment—a purely ministerial act. Moreover, SFS's complaint describes conduct—private misuse of a state statute—that is not attributable to the state. *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 941, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (explaining that a deprivation caused by a state-created procedure may be attributed to the state whereas a deprivation caused by the misuse of that procedure cannot); *see also id.* ("That respondents invoked the statute without the grounds to do so could in no way be attributed to a state rule or state decision.").

Because SFS's allegations establish only that private actors obtained writs of garnishment, and/or acted pursuant to those writs, the district court properly concluded that SFS failed to state a claim under § 1983. *See Sullivan,* 526 U.S. at 50, 119 S.Ct. 977 (stating that § 1983 excludes from its reach " 'merely private conduct, no matter how discriminatory or wrongful' ") (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)); *Tulsa Prof'l Collection Servs., Inc. v. Pope,* 485 U.S. 478, 486, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (explaining that a court may find state action only when parties use state procedures "with the overt, significant assistance of state officials"); *Gaskell v. Weir,* 10 F.3d 626, 628 (9th Cir.1993) (deeming complaint patently frivolous where allegations of state action involved a court clerk performing the ministerial act of accepting and filing settlement documents).

■ It was further proper to dismiss the complaint without leave to amend. SFS no longer had a right to amend as a matter of course, and SFS never requested leave to amend. Nor does SFS argue on appeal that it was error to deny leave to amend. Furthermore, it is clear from the record that SFS cannot cure the defective pleading by alleging other facts. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000). SFS challenges the defendants' misuse of the state statute, not "the procedural scheme created by the statute," *Lugar,* 457 U.S. at 941, 102 S.Ct. 2744, and allegations of state action arising from a court clerk performing the ministerial act of issuing garnishment writs are insufficient, *see Gaskell,* 10 F.3d at 628. Thus, the district court properly dismissed without granting leave to amend since it would have been futile.

Nor do we find a due process violation. The dissent finds *Sniadach v. Family Finance Corp. of Bay View,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), controlling. We disagree. Here, Keesal, Young & Logan sought post-judgment garnishment of funds held by SFS in a Seattle bank account for the use and benefit of the judgment debtor. Neither case broadly pro-

vides the right to pre-seizure notice and hearing in aid of executing a foreign judgment.

Finally, the district court had discretion to dismiss SFS's pendant state law claims upon properly dismissing SFS's § 1983 claim. 28 U.S.C. § 1367(c); *O'Connor v. State of Nev.*, 27 F.3d 357, 362–63 (9th Cir.1994).

AFFIRMED.

FISHER, J., dissenting:

I respectfully dissent. Seattle Fishing Services LLC ("SFS") properly alleged facts demonstrating that its constitutional rights were violated and that this violation took place under color of state law. Moreover, even if SFS' complaint was technically deficient, the appropriate disposition of the case would be dismissal with leave to amend.

The majority correctly identifies the requirements for stating a claim under 42 U.S.C. § 1983. SFS "must establish that [it was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). While the deprivation-of-a-right and color-of-state-law inquiries are analytically distinct, the former subsumes the latter when a due process violation is alleged. This is because state action is required for the Due Process Clause to be violated, and a state actor necessarily acts under color of state law. *See id.* at 50 n. 8, 119 S.Ct. 977; *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988);

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). The crucial question is therefore whether SFS alleged facts demonstrating that defendants' conduct constituted state action.[1]

I believe that SFS did so. Its complaint stated that "defendants ... obtained *ex parte* writs of garnishment in the United States District Court against SFS" and that "[t]he garnishment writs were then illegally issued by the District Court, which never even had jurisdiction to issue such writs." [AER 5] The complaint added that "[t]he writs were obtained by defendants .... in an[ ] *ex parte* proceeding, without notice, opportunity to be heard, and without a hearing before an appropriate judicial officer, and violated the plaintiff's rights under the United States and Washington State Constitutions." [AER 5] Although the complaint did not cite the relevant state garnishment statute or mention the court clerks' role in issuing the writs, there is no reason why these omissions should be deemed dispositive. The complaint did plainly allege that SFS was deprived of its property without due process of law, and that this deprivation took place because of garnishment writs that were issued by the United States District Court. Given the "liberal pleading standard" that applies to complaints filed in federal court, these allegations should suffice. *AlliedSignal, Inc. v. City of Phoenix*, 182 F.3d 692, 696–97 (9th Cir.1999); *see also* Fed.R.Civ.P. 8(e)(1) ("No technical forms of pleading or motions are required."); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial

---

1. The majority does not address (nor did the district court) whether, assuming that defendants' conduct constituted state action, the process by which they obtained garnishments writs was constitutionally defective. I note, however, that there is authority for finding *post*-judgment garnishment procedures to be in violation of the Due Process Clause. *See, e.g., Finberg v. Sullivan*, 634 F.2d 50, 56–62 (3d Cir.1980) (en banc).

justice.").[2]

Furthermore, two Supreme Court decisions imply that writs of garnishment issued by court clerks constitute state action. In *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the Court held that a Wisconsin garnishment procedure under which "the clerk of the court issues the summons at the request of the creditor's lawyer[,] and it is the latter who by serving the garnishee sets in motion the machinery whereby the wages are frozen" violated the Due Process Clause. *Id.* at 338–39, 89 S.Ct. 1820. Because that constitutional provision can be violated (or even implicated) only by state action, it necessarily follows that it was the clerk's issuance of a garnishment writ that constituted state action. Similarly, in *North Georgia Finishing, Inc. v. Di–Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), the Court invalidated on due process grounds a Georgia statute that authorized "a writ of garnishment [to be] issued by a court clerk without notice or opportunity for an early hearing and without participation by a judicial officer." *Id.* at 606, 95 S.Ct. 719. Again, that this

procedure was held to violate the Due Process Clause necessarily means that the writ's issuance constituted state action.

In my view, this case is controlled by *Sniadach* and *Di–Chem.* The garnishment writs that SFS described in its complaint, like the writs in *Sniadach* and *Di–Chem,* were issued by courts and signed by court clerks. Although it is true that *Sniadach* and *Di–Chem* involved pre-judgment garnishments whereas a post-judgment garnishment is at issue here, this distinction has significance only for the process that SFS was due, not for the characterization of the writs' issuance as state action.[3] SFS therefore did allege facts demonstrating that defendants' conduct in obtaining the garnishment writs constituted state action. Accordingly, the district court's decision granting defendants' motion to dismiss should be reversed.

Finally, even if the majority is correct that SFS should have cited additional facts in its complaint, the appropriate disposition would be dismissal with leave to amend. *See Vasquez v. Los Angeles County,* 487 F.3d 1246, 1258 (9th Cir.2007)

2. The majority repeatedly claims that SFS "challenges the defendants' misuse of the state statute, not 'the procedural scheme created by the statute.'" Majority Op. at 438; *see also id.* at 437–38. This claim is belied by the plain language of SFS' complaint, which characterizes the garnishment writs as having been issued in violation of its constitutional rights, and describes a host of procedural defects that are inherent in the post-judgment garnishment statute. SFS' briefing, similarly, asserts that "defendants circumvented the [pre-judgment garnishment] statute and the constitutional protections by using a post[-]judgment garnishment procedure" and that "the State of Washington created a system whereby state officials attached property on the *ex parte* application of . . . a private party to the dispute." [Blue Br. 13, 18] Finally, it is notable that *Lugar*, upon which the majority bases its private misuse argument,

also involved confusion over whether the "petitioner [was] referring to the state-created procedure or the misuse of that procedure by respondents." 457 U.S. at 941, 102 S.Ct. 2744. Despite that confusion, the Court held that "the better reading of the complaint is that petitioner challenges the state statute as procedurally defective under the Fourth Amendment." *Id.*

3. The majority's effort to distinguish *Sniadach* and *Di–Chem* is unavailing. It may be true that "[n]either case broadly provides the right to pre-seizure notice and hearing in aid of executing a foreign judgment," Majority Op. at 439, but the amount of process that a post-judgment garnishment statute must provide is not at issue here. What is at issue is whether the issuance of a garnishment writ constitutes state action, and *Sniadach* and *Di–Chem* establish that the answer to this question is yes.

("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment."). The majority implies that SFS' complaint would have survived defendants' motion to dismiss had it only included "facts demonstrating the State's role, or the defendant's involvement with the court clerks who issue the writs of garnishment." Majority Op. at 438. Accordingly, SFS should be given the opportunity to amend its complaint by—as it clearly can, based on the record before us—inserting some additional information about how exactly defendants obtained their writs of garnishment.[4]

---

**4.** The majority's analysis of whether SFS requested leave to amend or had the right to amend as a matter of course is irrelevant. *See* Majority Op. at 438–39. It is clear from *Vasquez* that dismissal without leave to amend is appropriate only if the complaint cannot be saved by any amendment.