**NOT FOR PUBLICATION**

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ALLEN L. WISDOM,<br><br>            Debtor,<br><br>_____<br><br>ALLEN L. WISDOM,<br><br>            Appellant,<br><br>v.<br><br>JEREMY J. GUGINO; et al.,<br><br>            Appellees. | No.    17-35339<br><br>D.C. No. 1:16-cv-00251-EJL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted May 16, 2019
Seattle, Washington

Before: HAWKINS and W. FLETCHER, Circuit Judges, and SEEBORG,[**]
District Judge.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

In this bankruptcy adversarial proceeding, plaintiff/debtor Allen Wisdom appeals the district court's affirmance of the bankruptcy court's grant of summary judgment in favor of Trustee Jeremy Gugino. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) & 1291, and we affirm.[1]

The bankruptcy court did not abuse its discretion by denying Wisdom's application for default judgment when Gugino was a day late in replying to Wisdom's amended complaint. *In re Beltran*, 182 B.R. 820, 823 (9th Cir. BAP 1995) (stating standard of review). Even if the court clerk should have entered the default, it was within the court's discretion whether to grant the motion for default *judgment*. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986)*.* The bankruptcy court did not abuse its discretion given the strong policy favoring decisions on the merits, the minimal prejudice to Wisdom in the one day delay, the relative weakness of Wisdom's claims, and the presence of disputed facts. *See id.* at 1471–72 (discussing factors to consider in exercising discretion to enter default judgment).

Wisdom also argues that Gugino was never properly a trustee in this case because he failed to file proof of a bond with the court as required by 11 U.S.C. § 322(a), and that therefore every action taken by him as trustee is *void ab initio*. It is

---

[1] The Stipulated Motion to Supplement the Record (Dkt. #46) is granted; Appellant's Objection and Motion to Strike Appellee's Excerpts of Record and Answering Brief (Dkt. #16) is denied as moot.

undisputed that Gugino was at all times covered by a blanket bond; he simply failed to file proof of this with the court. Under the *de facto* trustee doctrine, such technical non-compliance may be overlooked if the person acted as a trustee, held himself out to be a trustee, and has been treated as a trustee by the court, creditors and other interested parties. *See In re Holiday Isles, Ltd.*, 29 B.R. 827, 829–30 (Bankr. S.D. Fla. 1983); *see also In re Hunt*, 2014 WL 1229647, at *5 (9th Cir. BAP 2014), *In re Allustiarte*, 786 F.2d 910, 914 (9th Cir. 1986).

Neither the bankruptcy court nor the district court abused its discretion in denying Wisdom's motions for recusal. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (stating standard of review). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* at 607. The bankruptcy court's prior employment of the trustee as a law clerk many years before did not call the judge's impartiality into question, where the trustee and court had a purely professional relationship. The district court had even less connection to Gugino.

A number of the remaining issues raised by Wisdom in his pro se brief are foreclosed because they were previously raised and decided against him in the prior appeal. His additional claims of misconduct by Gugino are without merit, as the trustee's actions in inquiring about three vehicles owned by Wisdom and settling

3

lawsuits in which Wisdom was involved were proper actions by the trustee in the administration of the estate, and Gugino is thus entitled to immunity from suit. *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989).

Nor did the district court abuse its discretion in awarding Gugino attorneys' fees. *See Gaskell v. Weir*, 10 F.3d 626, 628 (9th Cir. 1993) (stating standard of review). The district court's award of fees excluded amounts spent on the *de facto* trustee doctrine, which was Wisdom's sole argument where the results were not obvious. *Id.* at 629–30 (approving award of fees as to frivolous portions of appeal). The remainder of his arguments were wholly without merit or duplicative of issues already raised and rejected in other appeals.

**AFFIRMED.**