NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YEHORAM UZIEL, | No. 21-56306 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01458-DSF-JEM |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| MELVIN D. SANDVIG; et al., | |
| Defendants-Appellees, | |
| and | |
| NORTH VALLEY DISTRICT CHATSWORTH COURTHOUSE, DEPARTMENT F47, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 29, 2023[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: D.W. NELSON, SILVERMAN, and JOHNSTONE, Circuit Judges.

Yehoram Uziel, proceeding pro se, appeals the district court's post-judgment order awarding sanctions under Federal Rule of Civil Procedure 11 in Uziel's action alleging violations of 42 U.S.C. § 1985(2) and (3), 28 U.S.C. § 1343, and 18 U.S.C. § 242 by the litigants, attorneys, trial court, and other parties involved in his earlier state-court action. Uziel previously appealed the district court's judgment dismissing his claims, and we affirmed. *Uziel v. Superior Ct. of Cal.*, 857 Fed. App'x. 405 (9th Cir. 2021) (unpublished). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365–66 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion by awarding as Rule 11 sanctions the attorneys' fees that defendants incurred in this action. *See* Fed. R. Civ. P. 11(b) (establishing that a party presenting any pleading represents that "(1) it is not being presented for any improper purpose, such as to harass . . . ; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for . . . establishing new law; (3) the factual contentions have evidentiary support . . ."); Fed. R. Civ. P. 11(c)(1), (4) (court may award

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sanctions for violations of Rule 11(b), including "reasonable attorney's fees and other expenses directly resulting from the violation"); *Townsend*, 929 F.2d at 1365 ("A district court confronted with solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose."); *see also Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) ("In a case like this, where the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions.").

Uziel also seeks review of the district court's orders denying his motions to recuse the magistrate and district court judges. We previously affirmed those rulings, *Uziel*, 857 Fed. App'x. at 406, and decline to revisit them here.

Uziel's motion to recuse Judges Goodwin, Canby, Thomas, Silverman, and Tallman, filed on February 24, 2022 (Docket Entry No. 11), is DENIED.

**AFFIRMED.**