In re William C. MURPHY and Sharon A. Murphy, Debtors.

Austin Associates, Appellant,

v.

William H. Howison, Chapter 7 Trustee of William C. & Sharon A. Murphy, Appellee.

No. 02–CV–156.

United States District Court, D. Maine.

Dec. 16, 2002.

Robert J. Keach, Deborah S. Cameron, Bernstein, Shur, Sawyer & Nelson, David P. Crocker, Portland, ME, for debtors.

Benjamin E. Marcus, David S. Sherman, Jr., Drummond, Woodsum & MacMahon, Portland, ME, for appellants.

William H. Howison, Portland, ME, for William H. Howison, Chapter 7 Trustee.

## ORDER

SINGAL, District Judge.

Appellant Austin Associates appeals from the United States Bankruptcy Court, District of Maine order: 1) approving the

Trustee's assignment to the Debtor of certain causes of action against the Appellant and the right to prosecute same; and 2) denying Appellant's Motion for Reconsideration. Presently before the Court are the appeal (Docket # 2) and Debtor's Motion to Dismiss Appeal (Docket # 4). For the reasons discussed below, the Court AFFIRMS both bankruptcy court judgments and GRANTS Debtor's separate Motion to Dismiss.

## I. STANDARD OF REVIEW

In reviewing a decision rendered by a bankruptcy court, a district court reviews rulings of law *de novo* and findings of fact only for clear error. *TI Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995). The approval of a sale of a bankruptcy estate's assets or a compromise of an adversary claim, however, is within the sound discretion of the bankruptcy judge and will not be upset absent a clear showing of abuse of discretion. *Jeremiah v. Richardson,* 148 F.3d 17, 23 (1st Cir.1998).

## II. BACKGROUND

William C. Murphy ("Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maine on April 9, 1997. William H. Howison ("Trustee") was appointed as the trustee in the Debtor's Chapter 7 case. After administration of a small amount of assets, the bankruptcy case was closed and the Trustee was discharged on July 21, 1998.

On July 31, 2001, the Trustee filed a motion to re-open the Debtor's Chapter 7 case asserting the existence of a newly discovered asset of the Debtor's bankruptcy estate ("Estate") that the Debtor failed to disclose. Specifically, the asset consisted of professional malpractice claims against the Debtor's accountants, Austin Associates ("Appellant"), that were being pursued by the Debtor in the Androscoggin County Superior Court ("state court case"). The Trustee requested that the bankruptcy court re-open the case so that he could pursue them on behalf of the Estate. Pursuant to an Order dated August 1, 2001, the bankruptcy court re-opened the bankruptcy case, and on August 7, 2001, the Trustee was re-appointed as Chapter 7 trustee.

On February 8, 2002, the Trustee filed an application seeking authority to settle the state court case. The terms of the compromise included a $65,000 payment from the Appellant to the Estate, dismissal of the state court case with prejudice, and a release of the Appellants by the Trustee and Debtor. The Debtor objected to the Trustee's Application to Compromise on the ground that the Trustee sought to compromise post-petition causes of action belonging to the Debtor and not the Estate. The Debtor further asserted that the settlement amount significantly undervalued the causes of action and, thus, was not in the best interest of the Estate or its creditors.

At the final hearing on the motion to compromise before the bankruptcy court on March 27, 2002, the Debtor offered to hold the Estate harmless for any Trustee's fees incurred in exchange for an assignment to the Debtor of the right to pursue his causes of action against the Appellant, subject to the Estate's right to claim some portion of the proceeds attributable to pre-petition claims in the event of any recovery. In response to the Debtor's offer, the Trustee withdrew the Application to Compromise and filed a motion to assign the right to pursue the causes of action against the Appellant to the Debtor.

Appellant objected to the proposed assignment on the basis that the Trustee, by

**4**

rejecting the proposed settlement of $65,000, had failed to maximize the assets of the Estate for the benefit of creditors. Appellant further requested that the bankruptcy court allow it to introduce evidence related to the settlement proposal and the underlying claims. The bankruptcy court concluded that Appellant did not have standing and proceeded to enter an order dated May 15, 2002, authorizing the assignment of the causes of action from the Trustee to the Debtor in accordance with the terms of the Trustee's motion. In response, Appellant filed a Motion for Reconsideration, which the bankruptcy court denied in an order dated June 6, 2002.

■ Appellant now appeals the bankruptcy court's May 15 and June 6 orders.[1] In response, the Trustee and the Debtor (collectively "Appellees") have filed a joint appellate brief. In addition, the Debtor has filed a separate Motion to Dismiss Appeal. The Court addresses the arguments presented in each of the above filings.

## III. DISCUSSION

### 1. Bankruptcy Appeal

#### a. Standing

■ The issue of standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). To have standing to bring an appeal from a final bankruptcy court order, an appellant must be a "person aggrieved." *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117 (1st Cir.2001). As such, standing exists only where the order "directly and adversely affects an appellant's pecuniary interests." *Id.*, at 117–18 (citation omitted). A party's pecuniary interests are affected if the order diminishes the appealing party's property, increases its burdens, or detrimentally affects its rights. *Kehoe v. Schindler (In re Kehoe)*, 221 B.R. 285, 287 (1st Cir. BAP 1998). As a general rule, a prospective purchaser of assets from a bankruptcy estate is not within the zone of interests intended to be protected by the Bankruptcy Code and, therefore, does not typically have standing to challenge a sale of the assets to another party. *In re NEPSCO, Inc.*, 36 B.R. 25, 26 (Bankr.D.Me.1983).

■ Notwithstanding the general rule, Appellant argues it has standing because courts have recognized an exception in cases where an unsuccessful bidder challenges the underlying fairness of the sale. *See Kabro Assocs., LLC v. Colony*

---

**1.** In footnote two of their Joint Brief, Appellees argue that Appellant has waived the question of whether the bankruptcy court erred in denying Appellant's Motion for Reconsideration because Appellant failed to brief the issue on appeal. The arguments presented in Appellant's brief, however, largely mirror those presented in its Motion for Reconsideration. Appellant, for example, argues in both that: 1) it was akin to a bidder and, thus, had standing to challenge the integrity of the sale process; and 2) the sale process was fundamentally flawed and unfair because the bankruptcy court never heard or addressed the merits of Appellant's competing bid. As such, the Court finds Appellant has not waived these arguments on appeal even absent an explicit argument that the bankruptcy court erred in denying Appellant's Motion for Reconsideration. On the other hand, Appellant has waived the argument in its Motion for Reconsideration that it has standing because "it may have claims against the Estate senior to all pre-filing claims against the Estate" for the Trustee's breach of contract. (*See* Br. of Appellant Austin Associates App. at 51 (Docket # 2).) Despite raising this argument in its Motion for Reconsideration, Appellant has failed to brief the issue on appeal. *See Baybank–Middlesex v. Ralar Distribs.*, 69 F.3d 1200, 1204 n. 5 (1st Cir.1995) (noting that theories neither briefed nor argued on appeal are deemed waived) (citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990)).

*Hill Assocs. (In re Colony Hill Assocs.),* 111 F.3d 269, 274 (2d Cir.1997) (unsuccessful bidder had standing to challenge "intrinsic fairness" of sale and good faith status of purchaser); *In re Harwald Co.,* 497 F.2d 443, 445 (7th Cir.1974) (noting that unsuccessful bidders may challenge sale "on equitable grounds related to the intrinsic structure of the sale"). In an attempt to bring itself within this limited exception, Appellant argues it has standing because it sought to challenge the sale on "equitable grounds by introducing evidence that its bid was in the best interest of the Estate and should have been accepted by the Trustee; and by challenging the bankruptcy court's decision not to allow the introduction of such evidence." (*See* Br. of Appellant Austin Associates at 8 (Docket # 2).)

Appellant's vague reference to "equitable grounds" does not come close to meeting the standing benchmark. Appellant makes no allegation of bad faith, collusion, fraud, mistake or other similar grounds questioning the intrinsic fairness or structure of the sale. *See Colony Hill Assocs.,* 111 F.3d at 274 (finding standing existed to the extent unsuccessful bidder alleged sale not made in good faith); *Dick's Clothing & Sporting Goods v. Phar–Mor, Inc.,* 212 B.R. 283, 289 (N.D.Ohio 1997) (same). Consequently, the bankruptcy court did not err in determining that Appellant lacked standing to object to the assignment of the Estate's interest in the Debtor's causes of action.

In addition, the fact that Appellant now has to defend in state court with respect to the assigned causes of action is not the kind of injury that gives it standing to object to the assignment or the withdrawal of the motion to compromise. An appellant, whose only interest is as a party defendant, has no pecuniary interest in a court order authorizing the suit against that appellant and no standing to appeal that order. *In re El San Juan Hotel,* 809 F.2d 151, 155 (1st Cir.1987). Here, Appellant does not contest Appellees' argument that Appellant holds a small, unsecured claim that would not have been paid even under the rejected settlement agreement. Therefore, despite the fact that Appellant now has to defend in state court with respect to the assigned causes of action, Appellant's pecuniary interests are not directly or adversely affected by the two bankruptcy court orders from which it appeals.

    b.   Trustee's Business Judgment

Even assuming Appellant has standing, the bankruptcy court did not abuse its discretion in approving the Trustee's business judgment to assign the causes of action to the Debtor. Under the Bankruptcy Code, "[s]o long as a trustee conducts the affairs of the estate by exercising his business judgment in good faith, upon a reasonable basis, and within the scope of his authority under the Code, he may proceed without interference." *In re Consol. Auto Recyclers, Inc.,* 123 B.R. 130, 140 (Bankr.D.Me.1991) (citing *In re Curlew Valley Assocs.,* 14 B.R. 506, 513–14 (Bankr.D.Utah 1981)). Where, as here, a trustee proposes to sell assets of the estate, the trustee's business judgment is subject to great judicial deference. *In re Bakalis,* 220 B.R. 525, 532 (Bankr. E.D.N.Y.1998) (internal quotations and citations omitted). The decision of the trustee will not be disturbed "unless it is shown that the trustee 'acted in an irrational, arbitrary, or capricious manner, clearly contrary to reason and not justified by the evidence.'" *In re Fas Mart Convenience Stores, Inc.,* 265 B.R. 427, 431 (Bankr.E.D.Va.2001) (citing *In re Pierce,* 237 B.R. 748, 754 (Bankr.E.D.Cal.1999)).

Appellant argues the bankruptcy court erred by affording an inappropriate

amount of judicial deference to the Trustee's business judgment and that "the record does not establish that there was a 'good business reason' for the assignment or that it was 'fair and equitable.'" (*See* Br. of Appellant Austin Associates at 10 (Docket #2).) Appellant argues in situations such as this one, where one bidder objects to a trustee's business judgment, a bankruptcy court must consider evidence concerning the strengths and weaknesses of the competing offers to properly determine whether the trustee abused his business judgment. Because the bankruptcy court approved the Trustee's motion to assign without affording Appellant the opportunity to introduce evidence regarding the strengths and weaknesses of the Debtor's claims, Appellant argues the assignment must be vacated.

The two cases Appellant cites in support of its argument, *DiStefano v. Stern (In re JFD Enters.)*, 215 F.3d 1312 (1st Cir.2000) and *Bakalis*, however, do not support Appellant's contention that the bankruptcy court erred in its approach to the Trustee's motion to assign. First, in *DiStefano*, the court found there was no basis upon which to doubt the trustee's business judgment because the appellants failed to submit evidence to support their allegation that the trustee's breach of fiduciary duty caused certain financial losses to the debtor's creditors and shareholders. Because this is different from saying that the "only way" for a bankruptcy court to properly evaluate a trustee's decision is to afford appellants the opportunity to submit evidence, the Court finds *DiStefano* does not support Appellant's argument that the bankruptcy court should have taken evidence to evaluate the Trustee's decision to pursue the assignment. (*See* Br. of Appellant Austin Associates at 10 (Docket #2).)

■ Second, contrary to Appellant's characterization, the *Bakalis* court nowhere suggests that the record obtained from the evidentiary hearings was critical to its decision to uphold the trustee's business judgment. Rather, in reaching its decision, the court stated that the trustee had "carefully weighed the competing bids," taking into consideration the "totality of relevant considerations," and that the trustee "convincingly articulated the reasons for [his decision] and supported his reasoning at the subsequent evidentiary hearings." *Bakalis*, 220 B.R. at 532. Here, notwithstanding the fact that the bankruptcy court did not afford Appellant an evidentiary hearing, the record shows the Trustee made a reasonable decision based on an evaluation of the totality of relevant circumstances, including the dollar amounts offered. In making his decision, the Trustee examined the particular set-up of the Estate, including the claims of tax creditors, the nature of the administrative costs and attorney's fees involved, and concluded that the assignment was in the best interests of the Estate.[2] In light of the factors considered by the Trustee in making his decision, the Trustee acted in a

2. The money from the $65,000 settlement would have been used to pay the Debtor's attorney's expenses and contingency fee and administrative expenses owed to the Estate. In addition, the money would have gone towards satisfying pending federal and state tax claims against the Debtor. The Debtor, however, remains obligated on the tax claims regardless of the settlement agreement. The Trustee, therefore, concluded that, assuming the attorney waived his claim against the Estate for his contingency fee and expenses, it made more sense to allow the Debtor to "buy out" the Estate for an amount equal to the administrative expenses. (*See* Br. of Appellant Austin Associates App. at 88 (Docket #2).) In contrast to the settlement agreement, this scenario would have the effect of leaving the Estate and the tax creditors whole without denying the Debtor the opportunity to pursue his claims against the Appellant.

rational and justifiable manner. Consequently, the Court finds the bankruptcy court properly approved the Trustee's business judgment.

### 2. Debtor's Motion to Dismiss Appeal

In addition to the Joint Brief, the Debtor also filed a separate Motion to Dismiss the appeal. To the extent the Debtor's motion essentially repeats the arguments presented in the Joint Brief, namely that the appeal should be dismissed because Appellant lacks standing to object to the assignment approved by the bankruptcy court, the Debtor's separate Motion to Dismiss is hereby granted.

## IV. CONCLUSION

For the reasons stated above, the Court AFFIRMS both the bankruptcy court judgments and GRANTS the Debtor's separate Motion to Dismiss (Docket # 4).

SO ORDERED.