Bezanson v. Thomas                      CV-03-127-JD  06/20/03
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Dennis G. Bezanson, Trustee
of the Estate of R & R Associates
of Hampton

     v.                              Civil No. 03-127-JD
                                     Opinion No. 2003 DNH 106
Thomas J. Thomas, Jr., et al.


                            O R D E R


     Dennis G. Bezanson, Trustee of the Estate of R & R

Associates of Hampton, appeals the decision of the bankruptcy

court in an adversary proceeding against the lawyer and law firm

who represented the debtor in possession during a Chapter 11

bankruptcy proceeding.  Bezanson contends that the bankruptcy

court improperly excluded his expert witness, erred in finding

that the defendants did not breach their fiduciary duty to the

bankruptcy estate and were not negligent, erred in failing to

impose liability on the defendants for negligent

misrepresentation, and erred in determining that the defendants

had not committed fraud on the court.  The defendants oppose the

grounds raised on appeal.

<u>Background</u>[1]

R & R Associates of Hampton ("RRA") was a partnership consisting of two partners, Reginald L. Gaudette and Richard V. Choate. On April 5, 1991, RRA filed a Chapter 11 bankruptcy petition. Thomas J. Thomas, Jr., of Thomas & Utell, represented RRA and its partners prior to the bankruptcy filing. As part of the bankruptcy filing, Thomas filed an application to hire Thomas & Utell to represent RRA, the Chapter 11 Debtor-in-Possession. The application was supported by Thomas's affidavit, including statements that he was familiar with and had "considerable experience" with bankruptcy laws and procedures and that the firm had "no connection with the Debtor, the Creditors or any other party in interest, or their respective attorneys or accountants, nor does this attorney represent or hold any interest adverse to the Debtor-in-Possession or the estate herein in the matters upon which he is to be engaged, and his employment would be in the best interest of the estate and its creditors." Bankruptcy Court Memorandum Opinion, Jan. 31, 2003 ("Mem. Op.") at 3-4.

Despite the affidavit statements, Thomas and Thomas & Utell had represented Reginald and Louise Gaudette, at least during the period of July of 1990 through April 31, 1991. As part of that

_____

[1]The background information is taken from the bankruptcy court's memorandum opinion issued on January 31, 2003.

representation, Thomas and the firm "assisted in the formation of three family limited partnerships for Reginald and Louise Gaudette." Mem. Op. at 6. "[M]ore importantly, they assisted in the transfer of personal assets, including real estate, cash, notes and securities into these limited partnerships." Id. at 7.

Thomas & Utell represented RRA through the Chapter 11 process. The case was eventually converted to a Chapter 7 proceeding, and Dennis Bezanson was appointed Trustee on August 26, 1992. Bezanson requested and received personal financial statements from Gaudette and Choate. Gaudette's statement showed a negative net worth of more than four million dollars. In April of 1997, the bankruptcy court allowed Thomas & Utell attorneys' fees of $18,887.00 and expenses of $221.30.

Bezanson, as Trustee of the Estate of RRA, filed complaints in the bankruptcy court, initiating adversary proceedings against Thomas, Thomas & Utell, and others, known collectively as the law firm defendants, and against Gaudette and Gaudette-related entities and Choate and Choate-related entities. The bankruptcy court dismissed the complaints against Choate, the Choate-related entities, and the Gaudette-related entities. The actions against Gaudette were stayed due to his Chapter 7 bankruptcy filing.

Because the claims in all three adversary proceedings, No. 98-1136, No. 98-1174, and No. 98-1090, arose from the same

3

factual circumstances and sought money damages, the suits against the law firm defendants were consolidated for trial. Bezanson claimed negligent misrepresentation, negligence and breach of fiduciary duty, and fraud on the court.[2] Bezanson sought disgorgement of the attorneys' fees and expenses, and compensatory damages.

Bezanson filed a motion to clarify and supplement his claims of negligence and breach of fiduciary duty alleged in Count II of Advocacy Proceeding No. 98-1136. The defendants opposed the motion. Although the court's decision does not appear in the designated record or the docket, the bankruptcy court apparently denied that request. See Statement of Issues, No. 5, at 3. Before trial, the bankruptcy court granted the defendants' motion in limine to exclude Bezanson's expert witness, Steven M. Notinger, Esquire, from testifying about the duties of counsel to a Chapter 11 estate. The adversary proceedings were tried over seven days in September of 2001.

In a decision issued on January 31, 2003, the bankruptcy court found that Thomas and the law firm had relationships that

---

[2]In Adversary Proceeding No. 98-1136, Bezanson alleged negligent misrepresentation in Count I and negligence and breach of fiduciary duty, pled together, in Count II. The fraud on the court claims were alleged in Adversary Proceedings Nos. 98-1174 and 98-1174. Mem. Op. at 2.

4

may have been adverse to RRA and the creditors and that should have been disclosed under Bankruptcy Code requirements.  In light of those relationships, the court concluded that the defendants' representation of RRA constituted a conflict of interest.  As a result, the bankruptcy court ordered the defendants to disgorge the fees and expenses that had been previously allowed and paid.  The bankruptcy court concluded however, that despite the conflict of interest, the defendants did not breach a fiduciary duty or misrepresent facts to the Chapter 7 Trustee, Bezanson.  The court also held that the Trustee had not carried his burden of showing by clear and convincing evidence that the law firm defendants' conduct constituted fraud on the court.

## Discussion

On appeal, Bezanson contends that the bankruptcy court erred in excluding the testimony of his expert witness and in denying the claims for compensatory damages.  The defendants oppose the appeal on procedural and substantive grounds.

The defendants argue that Bezanson has waived the evidentiary issue, the negligent misrepresentation issue, and the attorneys' fees issue.  In an appeal from a bankruptcy court proceeding, the appellant is required to file a statement of issues for appeal.  Fed. R. Bankr. P. 8006.  Failure to include

5

an issue in the statement constitutes waiver of the issue. Zimmermann v. Jenkins (In re GGM, P.C.), 165 F.3d 1026, 1031 (5th Cir. 1999); Interface Group-Nev. v. TWA (In re Trans World Airlines, Inc.), 145 F.3d 124, 132 (3d Cir. 1998). In addition, an appellant's failure to brief an issue constitutes waiver of the issue on appeal. Tower v. Leslie-Brown, 326 F.3d 290, 299 (1st Cir. 2003).

As the defendants point out, Bezanson failed to include an issue pertaining to the negligent misrepresentation claim in the Rule 8006 statement of issues on appeal. Therefore, that issue is waived for purposes of appeal. Bezanson did not brief the issue pertaining to an award of interest and attorneys so that issue is waived.[3] Although the evidentiary issue is presented somewhat summarily, it is sufficient to permit appellate review. Therefore, the issues to be addressed on appeal are whether the bankruptcy court erred in excluding the testimony of Steven Notinger and in denying the claims for negligence and breach of fiduciary duty and fraud on the court.

---

[3]Bezanson also did not brief the issue pertaining to the bankruptcy court's decision denying the motion to clarify Count II, although the issue was included in the Rule 8006 statement of issues on appeal.

A.    Exclusion of Expert Witness

The bankruptcy court's evidentiary rulings are reviewed for an abuse of discretion. Palmacci v. Umpierrez, 121 F.3d 781, 792 (1st Cir. 1997); see also Haarhuis v. Kunnan Enters., Ltd., 177 F.3d 1007, 1014 (D.C. Cir. 1999). Federal Rule of Evidence 702 governs the admissibility of expert opinion in bankruptcy cases. Fed. R. Bankr. P. 9017; Tamen v. Alhambra World Inv. (In re Tamen), 22 F.3d 199, 206 (9th Cir. 1994); Westminster Assocs., Ltd. v. Orkin Exterminating Co. (In re Westminster Assocs.), 265 B.R. 329, 331 (Bankr. M.D. Fla. 2001). Under Rule 702, a qualified expert witness may testify if his knowledge will assist the trier of fact and if his opinion is based on sufficient data or facts and is the product of reliable principles, methods, and application.

In this case, Bezanson contends that Steven Notinger was offered as an expert to provide his opinion on the standard of care owned by counsel representing a Chapter 11 debtor. The bankruptcy judge allowed counsel for Bezanson and for the law firm defendants to inquire into Notinger's experience and expertise in the area. Notinger testified that he had graduated from law school in 1990 and had only once served as debtor's counsel in a Chapter 11 partnership case, although he had more experience in Chapter 7 proceedings. After hearing the testimony

7

and the arguments of counsel, the judge concluded that his own experience far exceeded Notinger's, so that Notinger's opinion was not likely to be of assistance. Bezanson has not shown that the bankruptcy court abused its decision in excluding the testimony.

B.  Negligence and Breach of Fiduciary Duty

In Count II, Bezanson alleged that the defendants breached their fiduciary duties and were negligent in their representation of RRA during the Chapter 11 proceeding.[4] As alleged, the defendants breached their fiduciary duties and were negligent because they did not file adversary proceedings against either Gaudette or Choate to recover assets that had been conveyed to other entities in anticipation of RRA's bankruptcy. Bezanson further alleged that the law firm defendants knew about and participated in pre-petition and post-petition transfers to the detriment of the Debtor. Because of the transfers and the law firm's failure to pursue claims against the partners, RRA was not

_____

[4]The negligence and breach of fiduciary duty claims are pled together in Count II without distinguishing between the claims as separate legal theories. In his reply, Bezanson relies on the clarification of Count II presented to the bankruptcy court in his motion to clarify and supplement Count II. Since that motion was apparently denied, the complaint was not amended or clarified by those supplemental allegations.

8

able to recover the deficiency in the estate from Gaudette and Choate.

The bankruptcy court concluded that Thomas and Thomas & Utell represented RRA under a conflict of interest due to their representation of the Gaudettes as to interests that were adverse to RRA. Despite the conflict of interest, the court held that the law firm defendants did not breach their fiduciary duty to bring adversary actions against the general partners because 11 U.S.C. § 723 does not apply in Chapter 11 proceedings. The bankruptcy court also found that Thomas testified credibly that he believed RRA would be able to confirm a reorganization plan and that the general partners had considerable wealth.

In addition, the court held that the defendants did not breach their fiduciary duties by providing Bezanson with the general partners' financial statements which did not disclose transfers to the limited partnerships.[5] The court concluded that the record was insufficient to prove that the statements were false or misleading. The court also refused to recognize that counsel has a duty to guarantee the accuracy of a client's financial statements that are prepared by a CPA.

---

[5]The Gaudette financial statement showed a negative net worth of more than $4 million. Based on that information, Bezanson did not file adversary proceedings as the RRA Chapter 7 trustee to recover from Gaudette.

9

On appeal, Bezanson agrees with the bankruptcy court that § 723 does not apply in a Chapter 11 proceeding. Bezanson raises a new theory, however, not presented to the bankruptcy court, that 11 U.S.C. § 544(a)(1) provides a legal basis for a bankruptcy debtor to enforce creditors' rights of contribution from partners in a Chapter 11 proceeding. See Official Comm. of Unsecured Creditors v. Bechtle (In re Labrum & Dak, LLP), 237 B.R. 275, 293 (E.D. Penn. 1999). It is well-settled that new theories will not be considered for the first time on appeal. See, e.g., 229 Main St. P'ship v. Mass. EPA (In re 229 Main St. Ltd. P'ship), 262 F.3d 1, 13, n.7 (1st Cir. 2001); Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 268 (1st Cir. 1999); Sterling Consulting Corp. v. IRS (In re Indian Motorcycle Mfg. Co., Inc.), 288 B.R. 617, 625 (D. Mass. 2003). Therefore, Bezanson's new argument, based on § 544(a)(1), will not be considered here.

Although Count II may be inartfully pleaded, the record indicates that Bezanson intended to plead breach of fiduciary duty and negligence premised on the law firm defendants' conflict of interest. The complaint alleges and the bankruptcy court found that the defendants represented the Gaudettes both before and after the bankruptcy petition was filed and performed legal services "including the formation of family limited partnerships, the transfer of assets into these partnerships, and the

10

participation in various state court litigation issues." Mem. Op. at 5. The court also found that the law firm defendants then represented the limited partnerships formed to hold the Gaudettes' assets.

As Bezanson notes, the bankruptcy court did not expressly consider whether the law firm defendants breached their fiduciary duty to RRA, or were negligent in their representation of RRA, based on other conflict-of-interest issues. The bankruptcy court did note in connection with the conflict-of-interest ruling under 11 U.S.C. § 327 that it was not considering whether the law firm defendants performed adequate legal services, "which would properly be the subject of a subsequent malpractice suit." Mem. Op. at 8. The court also noted that "it is not the Debtor who is complaining in the instant case, but the Trustee, a functionary of the Court in a relevant issue before the Court." Id.

Therefore, the bankruptcy court's decision is not clear with respect to the part of Count II that alleges breach of fiduciary duty and negligence, as in legal malpractice, based on other conflict-of-interest issues. Rather than engage in speculation as to the bankruptcy court's decision on that part of Count II, it is appropriate to remand the case for clarification or further proceedings if necessary, on these issues.

11

C.  Fraud on the Court

Yet another procedural issue bars consideration of Bezanson's fraud-on-the-court claim in this appeal.  That claim was alleged in Adversary Proceedings Nos. 98-1174 and 98-1090 but not in Adversary Proceeding No. 98-1136.  Although the bankruptcy court consolidated the three proceedings for trial, only Adversary Proceeding No. 98-1136 is on appeal here.  See Bankr. Court Docket (doc. no. 1); Statement of Issues to Be Presented on Appeal.  The cases are not consolidated for appeal.  See Bezanson v. Thomas, et al., Civil No. 03-124-M, May 9, 2003.  Therefore, the bankruptcy court's decision denying the fraud-on-the-court claim in Adversary Proceedings Nos. 98-1174 and 98-1090 is not properly part of the appeal of Adversary Proceeding No. 98-1136, which is before the court in this case.

Conclusion

For the foregoing reasons, the bankruptcy court's decision as to Adversary Proceeding No. 98-1136 is vacated and remanded for further proceedings as to that part of Count II in which the plaintiff alleges a breach of fiduciary duty and negligence (legal malpractice) other than the defendants' alleged obligations to proceed under 11 U.S.C. § 723 or to guarantee the accuracy of the general partners' financial statements.  To that

limited extent, the case is remanded for clarification or further proceedings, including a hearing, as the bankruptcy court finds are necessary. The issues on remand are to be addressed with specificity. In all other respects, the decision of the bankruptcy court is affirmed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 20, 2003

cc:  William S. Gannon, Esquire
     Robert M. Daniszewski, Esquire
     United States Trustee
     George Vannah, USBC-NH