Orion Fitness v. River Valley Fitness CV-030474-JD  03/17/04

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Orion Fitness Group, LLC

    v.

River Valley Fitness
One Limited Partnership

Civil No. 03-474-JD
Opinion No. 2004 DNH 050


O R D E R


    Orion Fitness Group, LLC, appeals the bankruptcy court's decision to confirm the debtor's reorganization plan over Orion's objections.  Woodrow Fitness, LLC, ("Debtor") is the successor by merger to the original debtor, River Valley Fitness One Limited Partnership.  The Debtor opposes Orion's appeal on the grounds that Orion lacks standing, that the appeal is moot, that Orion provided an insufficient record on appeal, and that the bankruptcy court correctly confirmed the Debtor's plan.  At the direction of the court, Orion has filed a brief addressing the standing and mootness issues.[1]

    In bankruptcy cases, only "a person aggrieved" has standing to pursue an appeal.  David v. Cox, 356 F.3d 76, 93 n.15 (1st Cir. 2004).  Standing under the "person aggrieved"

_____

    [1]Orion incorporated into its response both its own first appellate brief and the Debtor's appellate brief.  Therefore, it appears that Orion does not dispute the factual information provided in the Debtor's appellate brief.

standard exists "only where the challenged order directly and adversely affects an appellant's pecuniary interests."[2] Spenlinhauer v. O'Donnell, 261 F.3d 113, 117-18 (1st Cir. 2001). To be directly affected by the order, the appellant's pecuniary interests must exist at the time of the bankruptcy proceeding and cannot be merely contingent or speculative. See, e.g., Davis, 356 F.3d at 93 n.15; Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737, 742-43 (3d Cir. 1995); In re El San Juan Hotel, 809 F.2d 151, 154-55 (1st Cir. 1987).

The Debtor asserts, without contradiction, that Orion is an entity that was formed by three individuals for the purpose of filing a competing plan of reorganization in the Debtor's bankruptcy proceeding. Orion bought six small unsecured claims against the Debtor for a total value of $6,192,34. Under the Debtor's plan, confirmed by the bankruptcy court, Orion's claims were part of the "Convenience Class." All of the claims in the "Convenience Class" have been satisfied in full under the confirmed plan. Therefore, the Debtor contends, the bankruptcy court's decision to confirm the plan did not adversely affect Orion's pecuniary interests.

---

[2]A "person aggrieved" has also been defined as one for whom "the order diminishes his property, increases his burdens, or impairs his rights." In re El San Juan Hotel, 809 F.2d 151, 154 (1st Cir. 1987).

Orion does not dispute that its claims in the bankruptcy proceeding have been satisfied in full. It asserts, however, without any evidentiary support, that its property has been diminished and its burdens increased because it "incurred more than $114,000 in cost [sic] and expense trying to confirm its reorganization plan (the 'Orion Plan') under which it would have acquired the Debtor's assets and terminated years of litigation and threatened litigation . . . which continues as a result of the confirmation of the Debtor's Plan." Response at 2-3 (footnote omitted).[3] Orion also asserts that the order confirming the Debtor's plan impaired "its right to a fair competing plan process" because the Debtor used misleading cash flow forecasts to support its plan.

Orion's argument demonstrates its misunderstanding of the "aggrieved person" requirement for standing. It has not shown that it had an existing pecuniary interest that was directly and adversely affected by the bankruptcy court's order. To the extent Orion's claim for standing depends on a pecuniary interest in attorneys' fees or other costs incurred in its participation in the bankruptcy proceeding, that is not a pecuniary interest in the bankruptcy estate that was adversely

_____

[3]The omitted footnote refers to attorneys' fees paid by the Debtor to its counsel.

3

affected by the order.  The asserted right to a fair plan process is also not a pecuniary interest that was affected by the order.

In addition, generally "a prospective purchaser of assets from a bankruptcy estate is not within the zone of interests intended to be protected by the Bankruptcy Code and, therefore, does not typically have standing to challenge a sale of the assets to another party."  In re Murphy, 288 B.R. 1, 4 (D. Me. 2002).  Orion has not shown that it would fall into the narrow exception to the general rule.  See id. at 4-5.                     Because Orion has not shown that it is a "person aggrieved" by the bankruptcy court's order, it lacks standing to pursue this appeal.  Therefore, it is not necessary to consider the other grounds raised by the Debtor to dismiss the appeal.


## Conclusion

For the foregoing reasons, the appeal is dismissed.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 17, 2004
cc:  James W. Donchess, Esquire

4

William S. Gannon, Esquire
Ralph F. Holmes, Esquire
Geraldine B. Karonis, Esquire
George Vannah, USBC-NH