**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of:  SOUTHERN CALIFORNIA SUNBELT DEVELOPERS, INC., <br><br> Debtor, <br><hr> ORANGE BLOSSOM LIMITED PARTNERSHIP; PEAR TREE LIMITED PARTNERSHIP; BANYAN LIMITED PARTNERSHIP; DON W. GRAMMER; TRAILS END LIMITED PARTNERSHIP; SHOWTHUNDER INC.; BIRCH INTERNATIONAL LIMITED PARTNERSHIP; DTG LIMITED PARTNERSHIP; SLEVIN LIMITED PARTNERSHIP, THOMAS W. DRESSLER, <br><br> Appellants, <br><br> v. <br><br> IBT INTERNATIONAL, INC.; SOUTHERN CALIFORNIA SUNBELT DEVELOPERS, <br><br> Appellees, | No. 09-56292 <br><br> D.C. No. 8:06-cv-00269-DDP <br><br> MEMORANDUM[*] |

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<table>
<tr><td>

UNITED STATES TRUSTEE,

        Trustee.

</td><td></td></tr>
</table>

| | |
|---|---|
| In the Matter of:  IBT INTERNATIONAL, INC.,<br><br>        Debtor,<br><br>DON W. GRAMMER; BANYAN LIMITED PARTNERSHIP; PEAR TREE LIMITED PARTNERSHIP; ORANGE BLOSSOM LIMITED PARTNERSHIP; THOMAS W. DRESSLER; DTG LIMITED PARTNERSHIP; SLEVIN LIMITED PARTNERSHIP; SHOWTHUNDER INC.; TRAILS END LIMITED PARTNERSHIP; BIRCH INTERNATIONAL LIMITED PARTNERSHIP,<br><br>        Appellants,<br><br>    v.<br><br>IBT INTERNATIONAL, INC.,<br><br>        Appellee,<br><br>  and<br><br>UNITED STATES TRUSTEE,<br><br>        Trustee. | No. 09-56293<br><br>D.C. No. 8:06-cv-00276-DDP |

Appeal from the United States District Court
for the Central District of California

Dean D. Pregerson, District Judge, Presiding

Submitted November 17, 2010[**]
Pasadena, California

Before: SCHROEDER, FISHER, and N.R. SMITH, Circuit Judges.

This is an appeal from an order of the district court awarding sanctions under Rule 8020 of the Federal Rules of Bankruptcy Procedure. We have jurisdiction under 28 U.S.C. § 158(d) and we affirm in part, vacate in part and remand.

1.      Given that appellants raised both frivolous and nonfrivolous arguments, the district court properly awarded partial sanctions, requiring appellants to pay appellees' attorney's fees only with respect to the frivolous arguments. *See Gaskell v. Weir*, 10 F.3d 626, 629-30 (9th Cir. 1993). Appellants offer no authority for the proposition that partial sanctions should not be awarded unless the court finds that frivolous arguments predominated over nonfrivolous ones.

2.      The district court's finding that appellants mischaracterized the facts and the law is not clearly erroneous. Appellants' numerous claims that two California state court decisions made findings that Dan Baer looted joint venture

---

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

assets are not supported by the record. Appellants also mischaracterized a pair of Florida decisions setting aside fraudulent conveyances made by Tedder.

3. The district court also properly found that appellants' challenge to Judge Smith's reconsideration of Judge Alberts' fee order was frivolous. As the district court explained, appellants "did not raise any legitimate arguments or support for their appeal of the bankruptcy court's decision to amend its original judgment."

4. The district court's conclusion that appellants' punitive damages argument regarding *Planned Parenthood of Columbia/Willamette Inc. v. American Coalition of Life Activists*, 422 F.3d 949, 962 (2005), was frivolous, however, was in error. Appellants argued that a standalone punitive damages award under 11 U.S.C. § 303(i) would violate due process because the ratio of punitive to actual damages would be infinite – and thus in excess of the 4:1 or 9:1 ratios suggested by the Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003). The district court concluded that this argument was frivolous because, in its view, appellants had misstated the holding of *Planned Parenthood*. That finding is not supported by the record. Furthermore, appellants' novel "infinite ratio" argument, although unpersuasive, was not

4

"wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (per curiam).

We affirm the district court's frivolousness findings in most respects. The district court erred, however, in finding appellants' punitive damages argument frivolous. We therefore vacate that portion of the district court's order and remand for a recalculation of sanctions accordingly. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART and REMANDED.**