# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10778
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2016

Lyle W. Cayce
Clerk

In the Matter of:  REGINA NACHAEL HOWELL FOSTER,

> Debtor

REGINA NACHAEL HOWELL FOSTER, Foster Children by and through their Next Friend,

> Appellant

v.

AREYA HOLDER,

> Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-116

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The three children of Regina Foster filed a proof of claim in their mother's Chapter 7 bankruptcy proceeding.  The claim was filed by their

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10778

mother as next friend.  The bankruptcy court disallowed the claim.  The district court affirmed.  We conclude that the appeal is frivolous, and DISMISS.

Regina Foster filed for Chapter 7 bankruptcy in 2012.  She did not list her children as creditors in her schedules.  Then, in 2013, Foster filed a proof of claim against herself, as next friend of her three children.  The claim was for delinquent property taxes on what is called the "Bonnell property," which was left in trust to the children by Foster's great aunt.

The Chapter 7 Trustee timely objected to the claim.  The bankruptcy court held an evidentiary hearing, at which Foster testified in support of her children's claim.  The bankruptcy court sustained the Trustee's objection and disallowed the claim.  On appeal to the district court, Foster's children failed to provide the district court with a transcript of the bankruptcy court's evidentiary hearing.  The district court affirmed the bankruptcy court.  The three Foster children timely appealed here.

## DISCUSSION

We review bankruptcy court rulings "under the same standards employed by the district court hearing the appeal from the bankruptcy court." *In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).  Conclusions of law are reviewed *de novo* and findings of fact for clear error.  *Id.*

On appeal, the three Foster children contend that their mother is liable for the property taxes because she has breached her fiduciary duty, either as their custodial parent or as trustee of the Bonnell property, to pay the property taxes.  The bankruptcy court, largely based on Foster's testimony at the evidentiary hearing, held that Foster had not breached any fiduciary duty imposed by Texas law.  The bankruptcy court stated: "The court finds that there has been full and complete compliance with the fiduciary duty imposed

on the Debtor. The Court finds that the Debtor had been doing whatever she could to preserve this Property for the Foster children."

State law determines the validity of a creditor's claim, but a bankruptcy court exercises its equitable powers to allow or disallow the claim as a matter of federal law. *See Matter of Ford*, 967 F.2d 1047, 1049–50 (5th Cir. 1992). The bankruptcy court properly reviewed the validity of the children's breach of fiduciary duty claim under Texas law to determine whether to allow it. "Where the underlying facts are undisputed, determination of the existence, and breach, of fiduciary duties are questions of law, exclusively within the province of the court." *National Med. Enters. v. Godbey,* 924 S.W.2d 123, 147 (Tex. 1996). The bankruptcy court here held that after hearing Foster's sworn testimony, it found "that there has been a full and complete compliance with the fiduciary duty imposed" on Foster.

We cannot review that determination because, in their appeal to the district court and again to this court, the children failed to include in the record a transcript of the evidentiary hearing. As appellants, they had the responsibility of "ensuring that the record on appeal included all of the items relevant and necessary to [their] position." *See Matter of Ichinose*, 946 F.2d 1169, 1173 (5th Cir. 1991). We are prevented, as was the district court, from reviewing the facts on which the legal conclusion that there was no breach of duty was based. The record before the district court did not permit it to find the bankruptcy court's factual findings were clearly erroneous. *See United States v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 126 (5th Cir. 1973). Therefore, we reject the claim that there was a breach of fiduciary duty.

Finally, the Chapter 7 Trustee requests that we find the appeal frivolous and award damages and costs. Federal Rule of Appellate Procedure 38 governs damages and costs for frivolous appeals. The Chapter 7 Trustee requested damages and costs in its appellate brief rather than filing a motion. We agree

No. 15-10778

with a panel of our court holding, in an unpublished opinion, that a statement in a brief is insufficient to request damages and costs under Rule 38.  *See Olive v. Gonzalez*, 31 F. App'x 152 (5th Cir. 2001).

We have the right on our own motion to exercise discretion in concluding that an appeal is frivolous and to award costs.  *See* FED. R. APP. P. 38; 5TH CIR. R. 42.2.  We exercise that discretion to the extent of dismissing the appeal as frivolous.  The appellant must bear all court costs, but we do not award damages.

DISMISSED.