**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: JACQUIE CHANDLER,<br><br>Debtor,<br><br>――――――――――――<br><br>JACQUIE CHANDLER,<br><br>            Appellant,<br><br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>            Appellee. | No. 14-60036<br><br>BAP No. 14-1014<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Jury, and Taylor, Bankruptcy Judges, Presiding

Submitted May 9, 2016[**]
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

―――――――――――――

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jacquie Chandler, a Chapter 11 debtor, appeals the Bankruptcy Appellate Panel's ("BAP") order awarding attorney's fees to Deutsche Bank National Trust Co. ("Deutsche") and denying her motion for reconsideration. We have jurisdiction under 28 U.S.C. § 158(d)(1). We affirm.

1.      The BAP did not abuse its discretion in awarding Deutsche attorney's fees and costs under Federal Rule of Bankruptcy Procedure 8020(a). Rule 8020(a) provides: "[i]f the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *George v. City of Morro Bay* (*In re George*), 322 F.3d 586, 591 (9th Cir. 2003) (order) (per curiam) (quotation marks omitted). Chandler had no legitimate basis to assert a claim to the property at issue during her Chapter 11 proceedings after multiple courts had determined that the foreclosure sale of this property was proper. As a result, the bankruptcy court was plainly correct to find that Chandler's claim regarding the validity of the foreclosure sale was "barred by res judicata" and to grant Deutsche relief from an automatic stay of its proceedings against Chandler. Chandler's arguments to the BIA were "wholly without merit" and therefore frivolous. *Id.*

-2-

**2.**     Chandler waived the issue whether the BAP's award of attorney's fees and costs was excessive by failing to raise it with the BAP.  "Absent exceptional circumstances, issues not raised before the BAP are waived." *Burnett v. Resurgent Capital Servs.* (*In re Burnett*), 435 F.3d 971, 975–76 (9th Cir. 2006).  Chandler has not identified any exceptional circumstances that justify her failure to challenge the amount of fees and costs awarded to Deutsche.  Therefore, Chandler has waived this issue.

**AFFIRMED.**