**IN RE Erik BENHAM, Debtor**

**(Erik Benham, Appellant**

**v.**

**David R. Hagen (Chapter 7 Trustee), Appellee)**

**Case No. LA CV 15–08472–VBF**

United States District Court, C.D. California.

October 20, 2016

Erik Benham, Santa Maria, CA, Pro Se

David Seror, Brutzkus Gubner Rozansky Seror Weber LLP, Woodland Hills, CA, James I. Stang, Pachulski Stang Ziehl and Jones LLP, Los Angeles, CA, for Appellee.

**PROCEEDINGS (in chambers): Order Determining that Benham Has Not Carried Burden of Establishing Bankruptcy Appellate Standing;**

**Permitting Taxation of Non–Fee Costs Under Fed. R.B.P. 8021; Declining to Sanction Benham Under Fed. R.B.P. 8020(a);**

**Terminating and Closing the Case**

HONORABLE VALERIE BAKER

FAIRBANK, SENIOR UNITED STATES DISTRICT JUDGE

Appellant Erik Benham filed a petition for bankruptcy protection under Chapter 7 of the U.S. Bankruptcy Code on June 24, 2008. The matter was assigned Central District of California Bankruptcy Case No. 9:08–bk–11432–PC, and the United States Bankruptcy Trustee ("the Trustee") was appointed on December 7, 2009. The Trustee issued a Trustee's Final Report ("TFR") reciting gross receipts of about $1.235 million; payments to creditors of about $526,280; administrative expenses of about $380,068; and a balance on hand of about $317,936. *See* TFR, reproduced at Exhibit ("Ex") 1, at 1. The Trustee proposed paying *nothing* toward the claims of secured creditors, *See* Ex 1 at 6. The Trustee noted that "[i]n addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $838,743.68 must be paid in advance of any dividend to general (unsecured creditors), *see* Ex 1 at 7. The Trustee further noted in the TFR that "[t]imely claims of general (unsecured) creditors totaling $7,529,833.15 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full", *see* Ex 1 at 8.

United States Bankruptcy Judge Peter H. Carroll adopted the Trustee's proposed final distribution of the funds in the Benham bankruptcy estate and entered an oral order adverse to debtor Erik Benham on September 30, 2015. The order was filed in that court on October 9, 2015.

Benham filed a notice of appeal with the Clerk of the U.S. Bankruptcy Court, and appellee Hagen has not contended that the

appeal was untimely under FRBP 8002(a).[1] *See* FRBP 8003(a)(1) ("An appeal from a judgment, order, or decree of a bankruptcy court to a district court or BAP under 28 U.S.C. § 158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002.").

On October 29, 2015, as permitted by FRBP 8005, appellee David R. Hagen, named as "Chapter 7 Trustee", filed a statement of election to proceed in the United States District Court (Doc 3), and the United States Bankruptcy Appellate Panel of the Ninth Circuit issued a notice transferring Benham's appeal here (Doc 4). *See* FRBP. 8001(b) (defining BAP as "a bankruptcy appellate panel established by a circuit's judicial council and authorized to hear appeals from a bankruptcy court under 28 U.S.C. section 58"); *cf.* FRBP 8006 (providing for certification of a direct appeal from the bankruptcy court to the United States Court of Appeals).

This appeal was initially assigned to United States District Judge John F. Walter (Doc 6), who issued a Standing Order on November 5, 2015 (Doc 9). On November 30, 2015, appellee Hagen filed a Notice (Doc 10) expressing the view that this appeal is related to LA CV 12–01279–VBF, a bankruptcy appeal which this Court previously dismissed for lack of bankruptcy appellate standing. The undersigned agreed with appellee and the case was reassigned to me by order issued on December 4, 2015 (Doc 11).

"According to [FRBP] 8001(a), Part VIII of the Federal Rules of Bankruptcy Procedure 'govern the procedure in a United States district court and a bankruptcy appellate panel on appeal from a

judgment, order, or decree of a bankruptcy court.' This includes Fed. R. Bankr. P. 8001 through 8028." *In re Ashai, Debtor (Ghadimi v. Ashai)*, No. LA CV 14–05057–VBF Doc. 13 at 2, 2016 WL 7155837, 211 F.Supp.3d 1215 (C.D. Cal. Sept. 29, 2016) (Fairbank, J.).

"In deciding this appeal, the Court will apply the Federal Rules of Civil Procedure and Evidence unless the FRBP or Local Bankruptcy Rules provide otherwise." *In re Ashai*, Doc. 13 at 3, 2016 WL 7155837, 211 F.Supp.3d at 1219 (citing C.D. Cal. L. Bankr. R. 1 with nn. 1–2).

**In early 2016, Hagen filed a motion to dismiss the appeal for lack of appellate standing (Doc 14), accompanied by a Request for Judicial Notice (Doc 15).** After receiving an extension of time, Benham timely filed a brief opposing the motion to dismiss (Doc 19). Appellee Hagen elected not to file a reply. Pursuant to FRBP 8019(b)(2), the Court determines that oral argument is unnecessary "because ... the dispositive issue or issues have been authoritatively decided." **Essentially for the reasons set forth in Hagen's motion to dismiss, the Court will dismiss Benham's bankruptcy appeal for lack of bankruptcy appellate standing.**

LEGAL STANDARD: BANKRUPTCY APPELLATE STANDING

■ The Supreme Court unanimously applied its principles of standing in *Susan B. Anthony List v. Driehaus*, —— U.S. ——, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014). The Supreme Court began by noting that Article III of the Constitution limits the jurisdiction of the federal courts to "cases" and "controversies", U.S. Const. Art. III, § 2, and explaining that "[t]he

---

1. The most recent amendment to FRBP 8002 took effect on December 1, 2014. But the 2014 amendment did not affect the fourteen-day time limit for taking an appeal from a

decision of a U.S. Bankruptcy Court. *See* Advisory Committee Note to 2014 Amendment of FRBP 8002.

doctrine of standing gives meaning to those constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.' " *SBA List*, 134 S.Ct. at 2341 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, ——, 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264 (2013).

■ As the party invoking appellate jurisdiction, Benham has the burden of establishing that he has appellate standing. *See SBA List*, 134 S.Ct. at 2342 (citing *Clapper*, 568 U.S. at ——, 133 S.Ct. at 1448); *accord In re Hope 7 Monroe Street Ltd. P'ship*, 743 F.3d 867, 872 (D.C. Cir. 2014) ("As in other jurisdictional contexts, the party invoking appellate jurisdiction to review a bankruptcy court order has the burden of demonstrating prudential standing.") (citing *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001)); *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994) ("[T]he putative appellant shoulders the burden of alleging facts sufficient to demonstrate that it is a proper party to appeal."). The Court determines bankruptcy appellate standing by reference to the facts as they stood when the appellant filed the notice of appeal. *See McCormack v. Hiedeman*, 694 F.3d 1004, 1023–24 (9th Cir. 2012) (" 'Standing is determined by the facts as they exist at the time the complaint is filed.' ") (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) and citing *ACLU of Nevada v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006)).

■ To establish Article III standing outside the bankruptcy context, a plaintiff or appellant must show (1) "an injury in fact", (2) a sufficient "causal connection between the injury and the conduct complained of", and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." *See SBA List*, 134 S.Ct. at 2341 (quoting *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130) (brackets and bracketed text in *SBA List*). The Supreme Court emphasizes that the injury-in-fact requirement "helps to ensure that the plaintiff [here, the appellant] has a 'personal stake in the outcome of the controversy.' " *SBA List*, 134 S.Ct. at 2341 (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). To satisfy Article III, the alleged injury to appellant must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *SBA List*, 134 S.Ct. at 2341 (quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130) (internal quotation marks omitted). An allegation of future injury may suffice only if the threatened injury to appellant is "certainly impending" or if there is a "substantial risk" that the harm will occur. *See SBA List*, 134 S.Ct. at 2341 (quoting *Clapper*, 568 U.S. at —— and —— n.5, 133 S.Ct. at 1147 and 1150 n.5 (internal quotation marks omitted and emphasis deleted by *SBA List*).

■ More specifically, appellate standing in bankruptcy is determined by applying the "person aggrieved" test, which reflects the principle that "only one who is directly and adversely affected pecuniarily has standing to appeal a bankruptcy court's order." *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 917 (9th Cir. BAP 1999).

■ Significantly, the person-aggrieved test for appellate bankruptcy standing is more exacting than the requirements for general Article III standing. *See Morrison Hecker LLP (In re Dexter Distributing*

*Corp.)*, 2010 WL 6466583, *4 n.14 (**9th Cir. BAP** 2010) (quoting *In re Andreuccetti*, 975 F.2d 413, 416 (**7th Cir.** 1992)). *Accord In re Heatherwood Holdings, LLC*, 746 F.3d 1206, 1216 (**11th Cir.** 2014) (" 'Bankruptcy's person[-]aggrieved doctrine restricts standing more than Article III standing, as it allows a person to appeal only when they are 'directly and adversely affected pecuniarily by the order.' ") (citation omitted); *In re AFY*, 734 F.3d 810, 819 (**8th Cir.** 2013) ("Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential standing requirements associated therewith.") (citations omitted); *In re W.R. Grace & Co.*, 532 Fed.Appx. 264, 268 n.5 (**3d Cir.** 2013) ("Because we conclude that Garlock lacks bankruptcy standing, it also lacks bankruptcy appellate standing, which is 'more limited than standing under Article III.' ") (quoting *In re PWS Holding Corp.*, 228 F.3d 224, 228 (3d Cir. 2000)); *In re Coho Energy, Inc.*, 395 F.3d 198, 202 (**5th Cir.** 2004) (calling the person-aggrieved standard "an even more exacting standard than traditional constitutional standing").

■■■ As the Second Circuit has explained, the more stringent nature of the bankruptcy appellate standing test is " 'rooted in a concern that freely granting open-ended appeals those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters.' " *In re Barnet*, 737 F.3d 238, 242 (**2d Cir.** 2013) (citation omitted). **Under the person-aggrieved test,** the nature, impact, and immediacy of the pecuniary interest of the bankruptcy appellant will generally determine whether he has sufficient stake in a proceeding's outcome to have appellate standing. *See In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983).

## ANALYSIS

■■■ Only persons who are directly and adversely affected pecuniarily by a bankruptcy court order have standing to appeal. *See In re Menk*, 241 B.R. at 916 (citing, *inter alia, Brady v. Andrew (In re Commercial W. Finance Corp.* ), 761 F.2d 1329, 1334 (9th Cir. 1985)); *In re Fondiller*, 707 F.2d at 442; *see, e.g., In re Lona*, 393 B.R. 1, 4 (Bankr. N.D. Cal. 2008) ("Given that Lona is not entitled to a discharge, if Abreu's claim is allowed, the pro rate share of the funds available to pay unsecured claims will be reduced and Lona will remain personally liable post-bankruptcy for any unpaid balance. As a result, Lona is an 'aggrieved person' who is directly and adversely affected by an order of the bankruptcy court and has standing . . . ."). Appellate standing does not extend to those who would be only *indirectly* affected by the bankruptcy court's order. *See In re Sunningdale Country Club*, 351 F.2d 139, 143 (6th Cir. 1965) (citing *Rogers v. Bank of America Nat'l Trust & Sav. Ass'n*, 142 F.2d 128, 129 (9th Cir. 1944)).

■■■ **"Thus, a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate [as] [s]uch an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights."** *In re Fondiller*, 707 F.2d at 442 (citations omitted); *see also In re P.R.T.C., Inc.*, 177 F.3d 774, 778 n.2 (9th Cir. 1999) ("Ordinarily, a debtor cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy.") (citing *In re Fondiller*, 707 F.2d at 442).

■■■ **Here, Appellant Benham is not directly and adversely affected pecuniarily by the Order he seeks to appeal, because the claims asserted against Appellant's estate substantially exceed the estate's assets. Therefore, there is no reason to believe that creditors will be**

paid in full, and sound reason tom believe that even secured creditors will not be paid in full, so there is no reasonable likelihood or even realistic chance that something will remain to trickle down to Appellant.

Appellant has not provided specific competent evidence, rather than surmise or speculation, to gainsay appellee Hagen's showing that there will be no surplus or assets at the end of the case which could be distributed to Appellant. *Accord In re Kehoe*, 221 B.R. 285, 288 (1st Cir. BAP 1998) (debtor has standing to appeal bankruptcy court's ruling to the U.S. District Court only "if a successful appeal would create assets in excess of liabilities, and, thus, result in a surplus distributable to the debtor under [Bankruptcy Code] § 726(a)(6)") (citations omitted); *see, e.g., In re Dexter Distributing Corp.*, 2010 WL 6466583, *5 (9th Cir. BAP Oct. 21, 2010) (holding that Coleman lacked appellate standing because "even if we reversed the bankruptcy court's order awarding Stinson $3 million in fees, and those estate funds instead were available to pay allowed claims, the Debtors would still be hopelessly insolvent .... Since all creditors must be paid in full before the equity owners receive any distributions from the estate, Coleman would have no further interest in the estate.") (internal citations and quotation marks omitted); *In re Murphy*, 288 B.R. 1, 5 (D. Me. 2002) ("Appellant holds a small, unsecured claim that would not have been paid even under the rejected settlement agreement. Therefore, ... Appellant's pecuniary interests are not directly or adversely affected by the two bankruptcy orders from which it appeals.").

A limited exception to the "person aggrieved" rule allows a debtor to challenge the distribution of property of the bankruptcy estate. *See Matter of An-*

*dreuccetti*, 975 F.2d 413, 417 (7th Cir. 1992). He may do so where a successful objection to or appeal from an order might result in a surplus in the estate at the end of the bankruptcy proceedings. *Id.* The burden falls on the debtor whose standing is challenged to provide evidence from which the Court could infer the reasonable possibility of a surplus. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("The party invoking federal jurisdiction has the burden of" establishing the elements of such jurisdiction); *see also In re Nangle*, 288 B.R. 213, 216 (8th Cir. NAP 2003) (to establish appellate standing, bankruptcy appellant bore the burden of proving, with evidence, the existence of a "reasonable possibility of a surplus after satisfying all debts"); *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 608 (7th Cir. 1998) (same).

As Hagen points out (Doc 14 at 7–8), this Court already determined in previously dismissed appeal LA CV 12–01279–VBF that Benham's estate is insolvent and "underwater" by such a large amount that he cannot expect to ever receive any surplus from the estate, and "[n]othing has changed since the Court's dismissal of this prior appeal, except that this Estate is now fully administered, showing with certainty that creditors will not be paid in full ...." Benham merely speculates (Opp, Doc 24 at 13) that if the bankruptcy trustee and/or bankruptcy judge were to conduct the fuller investigation that he desired, they would have concluded that "a money judgment" against Fidelity and FATCO, which "are multi-billion corporations", "would create after a trial by jury enough to make the bankruptcy estates solvent ...." Benham asserts that the water rights owned by BenIng Company LLC (in which Benham owns an interest), in the form of water surplus credits, are "worth any-

where from 50 to 100 million dollars, arguably more than the [residential development] project itself", Doc 24 at 26 (quoting deposition of one Mark Pender), but he fails to provide any court adjudication to support such a valuation. Benham states only that "[l]itigation continues in the Superior Court of San Luis Obispo [County] by BenIng Company, L.L.C. regarding" those water rights, Doc 24 at 26 n.42, but the Court cannot simply assume that that litigation will result in the water-rights valuation asserted by Benham.

Thus, appellant Benham has provided no solid evidence there is a reasonable possibility that appellee could, let alone would, collect sufficient monies to pay all of Appellant's secured creditors, defray the costs of the administration of the estate, pay all of the *un*secured creditors, and still render a surplus for Appellant. **Accordingly, the Court concludes that Benham has not carried his burden of establishing that he has standing to appeal the bankruptcy court order in question. All that remains is for the Court to consider the application of FRBP 8020 and FRBP 8021.**

### CERTAIN APPEAL COSTS ARE TAXED AGAINST APPELLANT PER FRBP 8021(a)(2)

FRBP 8021 is entitled simply "Costs" and provides in pertinent part as follows:

(a) Against Whom Assessed.

■ The following rules apply unless the law provides or the district court or BAP orders otherwise:

(1) If an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

(2) *If a judgment, order, or decree is affirmed, costs are taxed against the appellant;*

(3) if a judgment, order, or decree is reversed, costs are taxed against the appellee;

(4) if a judgment, order, or decree is affirmed or reversed in part, modified, or vacated, costs are taxed only as the district court or BAP orders.

Emphasis added. "In other words, FRBP 8021(a) sets up a presumption that the winner of a bankruptcy appeal should be awarded the costs of the appeal (other than attorney's fees) at the expense of the loser." *In re Ashai*, Doc. 13 at ——, 2016 WL 7155837 at *20, 211 F.Supp.3d at 1239 (citing Lawrence R. Ahern III and Nancy Fraas MacLean, Bankruptcy Procedure Manual: Fed. R. Bankr. P. Annotated, section 8021:1, Assessment of Costs on Appeal (Jan. 2016 updated ed.)). The remainder of FRBP 8021 either has no application here (subsections b and c) or is discussed below (subsection d).[2]

**"The record discloses no reason to deviate from FRBP's 8021's presumption that the winner of a bankruptcy appeal should be awarded costs of the appeal (other than attorney's fees) at the expense of the loser."** *In re Ashai*, Doc. 13 at 30, 2016 WL 7155837 at *21, 211 F.Supp.3d at 1239 (citing *In re Sheidler, Debtor (Gaft v. Sheidler)*, No. 15–8011, —— B.R. ——, 2016 WL 1179268, *1 n.1 (6th Cir. BAP Mar. 28, 2016) ("*Of course, be-*

---

**2.** FRBP 8021(b) governs an award of costs for or against the federal government, so it does not apply here.

FRBP 8021( c) specifies which types of costs are taxable following appeal; it does not list attorney's fees.

Finally, FRBP 8021(d) provides that "[a] party who wants costs taxed must, within 14 days after entry of judgment on appeal, file with the bankruptcy clerk, with proof of service, an itemized and verified bill of costs, unless the bankruptcy court extends the time."

cause the Panel affirms the bankruptcy Court's decision, costs of the appeal are taxed against the appellants.") (citing FRBP 8021(a)(2))) (emphasis added).

Therefore, appellee Hagen may file an itemized and verified bill of costs (for costs of the types listed in FRBP 8021( c)) with the Clerk of the U.S. Bankruptcy Court within 14 calendar days of this Court's entry of judgment denying this appeal. *See* Bossano, Dawson & Dietz et al., 9E Am. Jur.2d Bankruptcy section 3847 (2d ed. Sept. 2016 Update) ("Costs incurred in the production of copies of briefs, the appendixes, and the record, and in the preparation and transmission of the record; the cost of the reporter's transcript, if necessary for the determination of the appeal; the premiums paid for the cost of … bonds to preserve rights pending appeal; and the fee for filing the notice of appeal are taxed as costs of the appeal ….").

■ By contrast, "[s]ince attorney's fees are not among the items which the bankruptcy court has express authority to tax as costs of appeal under Fed. R. Bankr. P. 8014, any attorney's fees incurred in connection with the appeal may only be assessed, if at all, by the court in which the appeal is pending." Boassano, Dawson & Dietz et al., 9E Am. Jur.2d Bankruptcy section 3847 (2d ed. Sept. 2016 Update). "Thus, the question of whether an appeal is so frivolous as to warrant the imposition of attorney's fees is to be determined by the appellate court, and a bankruptcy court may not sanction or award attorney's fees against a party for frivolous, bad-faith appeals of the bankruptcy court's own rulings." *Id.* "Thus, it is *this* Court's right and duty, not that of the Bankruptcy Court, to consider the propriety of frivolous-appeal sanctions under FRBP 8020(a)." *In re Ashai*, Doc. 13 at 30, 2016 WL 7155837, 211 F.Supp.3d at 1240.

## FEDERAL RULE OF BANKRUPTCY PROCEDURE REGARDING FRIVOLOUS APPEALS

Finally, the Court considers whether Benham's appeal qualifies as "frivolous" for purposes of FRBP 8020, which is entitled Frivolous Appeal and Other Misconduct. The Court directs the parties' attention to FRBP 8020(a), which provides, "If the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to appellee."

■ **Sanctions awardable under FRBP 8020(a) for a frivolous appeal may include attorney's fees.** *See In re Ahn, Debtors (First Intercontinental Bank v. Ahn)*, BAP No. CC–15–1189, 2016 WL 374784, \*9 (9th Cir. BAP Jan. 29, 2016) ("We are able to award attorney's fees on only two bases: (1) for a frivolous appeal under Rule 8020; or (2) as a sanction under Rule 9011."), *appeal filed*, No. 16–60013 (9th Cir. Feb. 29, 2016).

■ **For this purpose, " '[a]n appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit.' "** *In re Chandler (Chandler v. Deutsche Bank National Trust Co.)*, No. 14–60036, BAP No. 14–1014, 667 Fed. Appx. 617, 2016 WL 3545631, \*1 (9th Cir. June 27, 2016) (memorandum) (Wardlaw, Paez, Bea) (quoting *George v. City of Morro Bay (In re George)*, 322 F.3d 586, 591 (9th Cir. 2003) (per curiam)); *see also DeWitt v. Western Pacific R.R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983) (citing *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)). *Accord Foster v. Holder*, No. 4:15–cv–116–O, 2015 WL 4588305, \*4 (N.D. Tex. July 30, 2015) (O'Connor, J.) (same) (citing *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988)), *appeal dismissed*, 644

Fed.Appx. 336 (5th Cir. 2016), *pet. cert. filed,* No. 16–5371, —— U.S. ——, —— S.Ct. —— (U.S. July 27, 2016).

■ FRBP 8020(a) sanctions may also be "warranted where 'the overwhelming weight of precedent was against appellant's position, where appellant could set forth no facts to support its position, or where, in short, there simply was no legitimate basis for pursuing an appeal' " *In re Deshikachar (Collins v. Deshikachar),* 2016 WL 826053, *7 (E.D. Mich. Mar. 3, 2016) (quoting *Ramirez v. Debs–Elias,* 407 F.3d 444, 450 (1st Cir. 2005)), *appeal filed,* No. 16–1332 (6th Cir. Mar. 21, 2016).

■ **At the least, the result of an appeal should be considered obvious if the result is dictated by a precedential**[3] **decision of the U.S. Supreme Court or U.S. Court of Appeals that controls the issue on appeal.** *See Nunley v. Commissioner,* 758 F.2d 372, 373 (9th Cir. 1985) (awarding attorneys fees and double costs to appellee where "[t]he Supreme Court and this Circuit have previously rejected all the arguments [appellant] raises"); *see also, e.g., In re Ly, Debtor (Ly v. Che),* Nos. CC–12–1395–DKiTa and LA 12–25257–TD, 2013 WL 2350915, *5–*6 (9th Cir. BAP May 29, 2013) (Dunn, Kirscher, Taylor, Bankr. JJ.) (not published in B.R.)

("Lopez should have known from our published opinions in *In re Veal* and *In re Edwards* that Panel precedent quite clearly recognizes that a party moving for relief from stay who has a colorable claim to ownership of the subject property has prudential standing. * * * We conclude that Ly's appeal is both meritless and frivolous, justifying the imposition of sanctions."), *affirmed,* 601 Fed.Appx. 494 (9th Cir. 2015).[4]

■ **Thus, when a reviewing court denies a bankruptcy appeal on the ground that binding precedent dictated that outcome, it will be more difficult for** the losing appellant to show that the appeal was nonetheless not frivolous. In this situation, a losing bankruptcy appellant may contend that the appeal was merely meritless, not frivolous, because there was a colorable (if ultimately unpersuasive) argument that the precedential decision was legally distinguishable from the case *sub judice,* factually distinguishable, or otherwise inapposite.

■ **Significantly, " '[a] finding of bad faith is not necessary to impose sanctions' "** under FRBP 8020(a). *See In re Ung (Takata v. Ung),* Civil No. 15–00433–JMS–RLP, 2016 WL 1294404, *2 (D. Haw. Mar. 8, 2016) (Puglisi, M.J.) (quoting *United States v. Nelson (In re*

---

**3.** By contrast, the result of a bankruptcy appeal will not necessarily be considered "obvious" for FRBP 8020(a) purposes, where the appeal was denied merely because the appellate court chose to follow the reasoning of a *non-binding* decision which, if followed, "compelled" the denial of the appeal.

In such a situation, the question is whether the appellant made (or could have made) a colorable argument that the non-binding decision was distinguishable or simply unpersuasive or illogical. If there was such a colorable argument to be made against the appellate court's adoption of the non-binding authority, FRBP 8020(a) sanctions generally should not be imposed. *See In re Becraft, Debtor,* 885

F.2d at 549 (Ninth Circuit Court of Appeals declined to further sanction debtor for unsuccessful appeal, stating, "the cases that foreclosed [the debtor-appellant]'s arguments before the BAP ... are not binding on this court. Accordingly, because a non-frivolous argument could be made that the reasoning of those cases should not be adopted by this Court, although no such argument was made, we decline to impose sanctions for a frivolous appeal in our discretion.").

**4.** A bankruptcy appeal's result may also be "obvious" or the appeal "wholly without merit" where the assignment of error was clearly barred by res judicata. *See In re Chandler,* 667 Fed.Appx. at 618, 2016 WL 3545631 at *1.

*Becraft, Debtor)*, 885 F.2d 547, 549 (9th Cir. 1989)). "Generally, 'sanctions will be imposed [under FRBP 8020(a) ] regardless of the motive of the appellant because the rule seeks to compensate an appellee who has had to waste time defending a meritless appeal.'" *Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (1st Cir. BAP 2002) (quoting 4 Lawrence P. King, Collier on Bankruptcy ¶ 8020.06 (15th ed. Rev. 2002) and citing, *inter alia, Top Entertainment, Inc. v. Ortega*, 285 F.3d 115 (1st Cir. 2002) and *Hill v. Norfolk & Western Railway Co.*, 814 F.2d 1192 (7th Cir. 1987)).

■ The reviewing court is still free, however, to consider whether the losing appellant acted in bad faith in bringing the appeal. *See In re Becraft*, 885 F.2d at 549. In the court's discretion, any finding that the appellant brought the appeal in subjective bad faith may be a proper basis for increasing the monetary sanction imposed under FRBP 8020. *Cf., e.g., In re Prometheus Health Imaging, Inc. (Prometheus Health Imaging, Inc. v. U.S. Trustee)*, BAP No. CC–15–1422, 2016 WL 4198306, *6 (9th Cir. BAP Aug. 3, 2016) (Dunn, Kurtz, Faris) ("The record establishes that Prometheus filed its Chapter 11 petition in bad faith. This appeal is frivolous. Had there been an appellee participating in this appeal we would not have hesitated to determine [sic] this appeal frivolous and to award costs and fees as authorized by Rule 8020(a).").

■ An appeal does not become "wholly without merit" for purposes of FRBP 8020(a), however, merely because it rested on arguments that the appellate court ultimately found unpersuasive or "novel." *See IMO So. Calif. Sunbelt Developers, Inc., Debtor (Orange Blossom Ltd' P'ship v. IBT Int'l, Inc.)*, 412 Fed.Appx. 990 (9th Cir. 2011) (Schroeder, Fischer, N.R. Smith) (court should

not have awarded 8020(a) sanction to appellee for appellant's punitive-damages argument where "appellants' novel 'infinite ratio' argument, although unpersuasive, was not 'wholly without merit.'"); *see also, e.g., In re Porto, Debtor (DeLauro v. Porto)*, 645 F.3d 1294, 1307 (11th Cir. 2011) ("As for DeLauro's appeal to the district court of the denial of his objections to the discharge, ... we can and do decide that the appeal was colorable (non-frivolous enough) to prevent the district court's denial of sanctions against DeLauro from being an abuse of discretion."); *In re Lipin (Lipin v. Estate of Walker)*, 2016 WL 3854453, *5 (D. Ariz. July 15, 2016) (Wake, Sr. J.) (denying winning appellee's FRBP 8020(a) application for an award of attorney's fees and costs, district judge stated, "Lipin's appeal is weak but not frivolous. He raises a genuine objection to a consequential ruling made by the bankruptcy court."), *appeal filed*, No. 16–16430 (9th Cir. Aug. 12, 2016).

■ The Court has the authority to require a losing bankruptcy appellant to show cause why the Court should not find his appeal to be frivolous and exercise its FRBP 8020(a) authority to award the winning appellee the cost of defending the appeal. *See, e.g., In re Tony Ashai, Debtor (Ghadimi &Turkaman v. Ashai)*, No. LA CV 14–05057–VBF Doc. 13 at ——, 2016 WL 7155837, 211 F.Supp.3d 1215 (C.D. Cal. Sept. 29, 2016) (after denying creditors' appeal and affirming bankruptcy court's judgment, district court stated, "the Court will require the Ghadimi creditors to show cause why the Court should not find their appeal to be frivolous and exercise its FRBP 8020(a) authority to award debtor Ashai the cost of defending this appeal. The Court will afford the parties an opportunity for optional response and reply briefs before the Court issues its ruling on the FRBP 8020(a) is-

sue.") (citing *In re Thomas R. Sheidler, Debtor (Gaft v. Sheidler)*, No. 15–8011, 2016 WL 1179268, *1 n.1 (6th Cir. BAP Mar. 28, 2016) (not in B.R.) (after affirming bankruptcy court's dismissal of plaintiff's complaint, panel invited the defendant-appellee to file "a separate motion ... for the Panel's consideration" if the appellee wanted to recover double costs of appeal or other sanction under FRBP 8020)).

■ On this record, however, the Court determines that although Benham lacked standing to bring this appeal, his argument for appellate standing was not "frivolous" within the meaning of FRBP 8020(a). The Court declines to award appellee attorney fees or other damages under FRBP 8020(a). *See In re Ashai*, Doc. 13 at ——, 2016 WL 7155837, 211 F.Supp.3d at 1242 ("An appeal does not become 'wholly without merit' for purposes of FRBP 8020(a) ... merely because it rested on arguments that the courts ultimately found to be unpersuasive or 'novel.' ") (citing *IMO Southern California Sunbelt Developers, Inc., Debtor (Orange Blossom Ltd' P'ship v. IBT Int'l, Inc.)*, 412 Fed.Appx. 990 (9th Cir. 2011) (Mem. Op.) (holding that district court should not have awarded FRBP 8020(a) monetary sanction to appellee for appellant's punitive-damages argument where "appellants' novel 'infinite ratio' argument, although unpersuasive, was not 'wholly without merit.' ")).

## ORDER

This appeal is **DISMISSED with prejudice for lack of bankruptcy appellate standing.**

The types of appeal costs specified in FRBP 8021(a)(2) are taxable against appellant Benham, payable to appellee Hagen. Pursuant to FRBP 8021(d), if appellee "wants costs taxed," he "must, within 14 days after entry of judgment on appeal, file *with the bankruptcy clerk*, with proof of service, an itemized and verified bill of costs." Emphasis added.

Separate final judgment already has been entered in favor of Hagen and against appellant Benham, and Benham already has filed a notice of appeal from that judgment. *See* Docs 36–38.

IT IS SO ORDERED.